LOTTINGER, Judge.
This appeal is taken from the granting of an exception of prescription by the trial court. Defendant appellee, John Seago, rendered a title opinion dated April 25, 1973 to Mr. James 0. Ervin, attorney at law, who had authority to issue title insurance on behalf of American Title Insurance Company, plaintiff appellant.
Claims were made on defects in the title to the property listed in the title opinion of which American Title Insurance Company was forced to pay. The defects were not listed in the title opinion which was allegedly relied upon in issuing title insurance. American Title Insurance Company’s claim for damages was filed April 25,1983 on the theory of breach of contract based on their reliance upon the title opinion rendered by John Seago.
The trial court granted the exception of prescription finding that the plaintiff knew of the defects in title on February 11,1981, and this suit was not filed until April 25, 1983. Therefore the one year prescriptive period had run. La.C.C. art. 3536, now La.C.C. art. 3492, as amended by Act 173 of 1983.
Appellant raises two assignments of error:
(1) Whether suit for damages allegedly caused by reliance upon an attorney’s title opinion is governed by a one year or ten year prescriptive period.
(2) Whether the trial court abused its discretion in dismissing by exception, and before trial, claims for breach of warranty and negligent breach of contract arising out of damages allegedly caused by reliance on an attorney’s title opinion.
ASSIGNMENTS OF ERROR NO. 1 AND 2
In Cherokee Restaurant, Inc. v. Pierson, 428 So.2d 995 (La.App. 1st Cir.1983) writ denied 431 So.2d 773 (La.1983), this court applied a one year prescriptive period for legal malpractice with specific exceptions, to wit:
A malpractice action against an attorney will now normally be subject to the one year prescriptive period of La.Civ.Code art. 3536 [Now La.C.C. art. 3492]. However, when an attorney expressly warrants a particular result, i.e., guarantees winning a lawsuit, guarantees title to property, guarantees or warrants the ultimate legal effect of his work product, or agrees to perform certain work and does nothing whatsoever, then clearly there would be an action in contract and the ten year prescriptive period of La. Civ.Code art. 3544 would apply, (emphasis supplied). 428 So.2d 999.
We are of the opinion that when an attorney states in a title opinion letter that “according to my examination * * * has a valid and merchantable title,” he has not expressly warranted or guaranteed title to property so as to fall within the ambit of the exception as spelled out by this court in Cherokee. Thus, the one year prescriptive period is applicable. Inasmuch as plaintiff knew of the defects as of February 11, 1981, more than one year prior to the filing of this suit, the prescriptive period of one year had expired. Rayne State Bank and Trust Company v. National Union Fire *940 Insurance Company, 483 So.2d 987 (La.1986).
Therefore, judgment is affirmed at appellant’s costs.
AFFIRMED.