FRED W. JONES, Jr., Judge.
The basic issue involved in this litigation is: who had the authority to lease computer equipment to the lessee?
Marinebanc Leasing Co., Inc. (“Marine-banc”), as the alleged assignor of a lease, sued Allied Companies of La., Inc. (“Allied”) for unpaid rent and acceleration of the lease.
Allied filed a reconventional demand against Marinebanc, and third partied Wilfred Smith (alleged former owner of the equipment) and Capital Associates, Inc. (“Capital”), alleged lessor to Marinebanc and purchaser of the equipment from Smith.
The trial judge found that Marinebanc was owner of the computer equipment and lessor to Allied, which was indebted to Mar-inebanc for back rent in the sum of $4343.43 and attorney fees of $1,085.86. Further, Smith was required to return the purchase price he received from Capital; to pay Capital the sum of $10,918.15; and to indemnify Allied for all amounts it owed Marinebanc. Smith appealed and Marine-banc answered the appeal. No other party either appealed or answered the appeal.
The parties stipulated at the beginning of the trial that Wilfred Smith was the original owner of the computer equipment. According to the testimony, Copeland (who sold IBM computer equipment) contacted Smith and informed him that Allied needed Altos computer equipment. Smith testified that Copeland was merely an acquaintance, not a business associate, who was doing him a favor. Copeland was allegedly seeking money for an investment from Allied. Smith said he contacted Whitten, an officer at Allied, and subsequently delivered and *798 installed the computer equipment and trained several employees.
Several months elapsed between the time negotiations for the equipment began and the installation and training were completed, since there was a minor malfunction in one part of the equipment. When the system was operational, Smith requested payment and was informed that prior to delivery of the equipment Allied had signed a lease agreement for it with Marinebanc to whom lease payments had been made.
Smith submitted proof of ownership to Allied, which then stopped paying rent to Marinebanc and executed a lease with Capital Associates, to whom Smith had sold the computer equipment. This litigation ensued.
Copeland had been in and out of Allied’s place of business a number of times while the computer was being installed by Smith, but there was no evidence that Copeland participated in the installation. Allied’s president, Pack, testified that he was aware Copeland and Smith knew each other, but did not know whether any business relationship existed between them. Copeland did not represent himself as an agent of Smith and never indicated they were engaged in a joint venture.
When the lease was signed with Computer Options (Copeland’s alleged vendee), the equipment was not on the premises. The lease assigned to Marinebanc did not list the identical equipment that the 'Capital Associates lease described. The latter identified the exact pieces of equipment on the premises of Allied and was signed after the equipment was delivered as operational.
Smith testified that Copeland was neither his agent nor his partner, nor was Copeland authorized in any manner to sell or lease the computer equipment. Smith denied that he had authorized Copeland to send a copy of his financial statement to Marinebanc. The statement had been prepared to secure financing on a completely different investment project.
Doug Roy, leasing officer for Marine-banc, stated that Computer Options executed a lease with Allied and assigned the lease to Marinebanc. There was no documentary evidence of ownership of the equipment in the file other than statements by the parties to the lease. The only evidence of ownership by Computer Options was a cancelled check paid to Copeland’s business.
To summarize, the following chart shows the parties’ respective theories concerning authority to deal with the computer equipment:
*799 [[Image here]]
Smith contends the trial court erred in: finding Marinebanc was the owner of the computer equipment; there was a valid sale of the equipment to Computer Options; Copeland was the agent of Smith; alternatively, ordering Smith to pay Computer Options twice and to indemnify Allied; awarding Marinebanc 25% attorney fees and awarding attorney fees to Capital Associates.
Answering the appeal, Marinebanc contends the trial judge erred in failing to accelerate the lease.
Since it was stipulated that Smith was the original owner of the computer equipment, the question is whether it was proved that Smith either sold the equipment to Copeland or authorized Copeland, as his agent, to sell or lease the equipment. The record is devoid of any evidence that Smith sold the computer equipment to Copeland. Was there proof that Copeland was Smith’s agent for sale or lease of the equipment?
Mandate is an act by which one person, a principal, gives power to another, an agent, to transact for him and in his name one or several affairs. La.C.C. Article 2985. An agent’s power or authority is composed of his actual authority, express or implied, together with the apparent authority which the principal has vested in him by his conduct. As between principal and agent the limit of the agent’s authority to bind the principal is governed by his apparent authority. Apparent authority is a judicially created concept of estoppel which operates in favor of a third party seeking to bind a principal for the unauthorized act of an apparent agent. Boulos v. Morrison, 503 So.2d 1 (La.1987).
An agency relationship cannot be presumed. Patrick v. Patrick, 230 So.2d 759 (La.App. 2d Cir.1970); Ward v. Pennington, 434 So.2d 1131 (La.App. 1st Cir.1983), writ denied, 438 So.2d 572 and 438 So.2d 576 (La.1983). The innocent third party has a duty to inquire into the nature and extent of the agent’s power. Boulos, supra. Moreover, the burden of proving ap *800 parent authority is on the party relying on the mandate. Bamber Contractors, Inc. v. Morrison Engineering & Contracting Co., Inc., 385 So.2d 327 (La.App. 1st Cir.1980).
As pointed out in Boulos, for the doctrine of apparent authority to apply, the principal must first act to manifest the alleged agent’s authority to an innocent third party and, second, the third party must rely reasonably on the manifested authority of the agent. There is no evidence in the record that Smith ever manifested to either Computer Options or Allied that Copeland was his agent for the sale or lease of the computer equipment. The trial judge erred in so finding.
Even when there is no express or implied authority, an owner or principal can be bound by an alleged agent if he ratifies the acts of the agent. Pailet v. Guillory, 315 So.2d 893 (La.App. 3d Cir.1975). There is no evidence of ratification by Smith in this case.
The trial judge erred in rendering judgment against Smith. Under our reasoning, Allied’s lease was with Capital Associates rather than with Marinebanc. However, neither Allied nor Capital Associates appealed or answered the appeal. Consequently, we are unable to grant relief to those parties. La.C.C.P. Article 2133; Kel-Kan Inv. Corp. v. Village of Greenwood, 418 So.2d 669 (La.App. 2d Cir.1982), reversed on other grounds, 428 So.2d 401 (La.1983).
For these reasons, those portions of the trial court judgment in favor of Capital Associates and against Wilfred Smith; and in favor of Allied Companies of Louisiana, Inc and against Wilfred Smith; and assessing court costs against Wilfred Smith; are REVERSED.
Cost of appeal is assessed to Marinebanc Leasing Company, Inc., Capital Associates and Allied Companies of Louisiana, Inc.