HIGHTOWER, Judge.
In a legal malpractice action, plaintiff appeals from a judgment sustaining an exception of prescription. For reasons expressed herein, we affirm.
*945 FACTS
In conjunction with obtaining a second mortgage on certain real estate as loan security, Dixie Federal Savings and Loan Association, plaintiffs predecessor institution, employed the services of an attorney, Joseph W. Greenwald, to prepare a title opinion. Mr. Greenwald, in turn, procured another lawyer, Robert McKenzie, to examine the public records and report his findings in writing.
Dixie ultimately received a title opinion instrument containing, in the bottom left corner, the following statement:
I warrant this title to be free and clear of any liens or encumbrances and to be mercable (sic) except for the exceptions listed above.
Immediately beneath this language, the document exhibited Joseph Greenwald’s name in signature form, accompanied by apparently certain initials. In the lower right corner, but not under the above quoted wording, appeared the signature of Robert McKenzie.
Plaintiff (“the bank”) discovered, during executory proceedings in late 1988, that the title opinion failed to disclose a superior judgment that encumbered the property. Later, after terminating a sheriff’s sale scheduled for November 2, 1988, the bank bought the property at a second sale on December 14, 1988, subject to the judicial mortgage representing a burden of more than $18,000.
In response to suit against both attorneys and their respective malpractice carriers, McKenzie and his insurer advanced an exception of prescription. A supporting memorandum asserted that, save when an attorney warrants a particular result, legal malpractice sounds in tort and one-year prescription controls. The argument proceeded that, inasmuch as no allegations or evidence of warranty existed, the requisite period elapsed before institution of the action. Concerning the commencement of that interval, defendants stated, “The petition was filed December 13, 1989, more than one year after [the bank] was aware of the conduct giving rise to this claim....”
Relying on the previously quoted “warranty” language, plaintiff countered that Greenwald and McKenzie expressly assured an encumbrance-free title; that, since the defendants guaranteed a specific result, the action sounded in contract; and that ten-year prescription therefore applied. Alternatively, the bank asserted that, even assuming the ex delicto prescriptive period, the requisite year did not expire. Prescription commences, it contended, only when damages arise, which did not occur here until either purchase of the property at judicial sale or actual payment of the recorded judgment.
On the day of the scheduled contradictory hearing of their plea, exceptors filed a supplemental memorandum. They there postulated that an attorney’s opinion concerning validity of title does not equate to a specific warranty, and that McKenzie only rendered an opinion and warranted nothing. In furtherance of that position, McKenzie testified, asserting for the first time that no warranty language appeared on the document when forwarded to Green-wald. Plaintiff at no time objected to, or attempted to rebut, this testimony. Even when the trial judge offered additional time to brief the issue, the bank declined and instead took refuge in the opinion instrument itself.
In subsequently sustaining the exception, the trial judge noted in written factual findings his primary reliance upon the explanation given by McKenzie in testimony. Additionally, the court found the action governed by a prescriptive period of one year. This appeal ensued.
DISCUSSION
Generally, legal malpractice is in the nature of a tort and thus subject to one-year prescription. LSA-C.C. Art. 3492 (formerly LSA-C.C. Art. 3536). However, the action lies in contract when an attorney expressly warrants a specific result, causing the ten-year prescriptive period of LSA-C.C. Art. 3499 (formerly LSA-C.C. *946 Art.3544) to control.[1] Montgomery v. Jack, 556 So.2d 267 (La.App. 2d Cir.1990), writ denied, 559 So.2d 1377 (La.1990); Norwood v. Fish, 537 So.2d 783 (La.App. 2d Cir.1989), writ denied, 539 So.2d 634 (La.1989); Succession of Smith v. Kavanaugh, 565 So.2d 990 (La.App. 1st Cir.1990), writ denied, 567 So.2d 1125 (La.1990); Cherokee Restaurant, Inc. v. Pierson, 428 So.2d 995 (La.App. 1st Cir.1983), writ denied, 431 So.2d 773 (La.1983).
In the instant case, plaintiff takes the position that the document, received by its predecessor institution, contained a warranty provision and thus gave rise to ten-year prescription. Yet, only under limited circumstances will language employed in a title opinion constitute specific warranty of a particular result or guarantee title to property. Indeed, the statement that “according to my examination * * * has a valid and merchantable title,” has been deemed not to provide such assurances. See American Title Ins. Co. v. Seago, 486 So.2d 938 (La.App. 1st Cir.1986). We have indicated our agreement that an attorney’s expression of opinion, as to the validity of title, neither warrants a particular result nor guarantees title. Crawford v. Gray & Associates, 493 So.2d 734 (La.App. 2d Cir.1986), writs denied, 497 So.2d 1012 and 1013 (La.1986).
Unlike in Seago, however, the term “warrant” appears in the document at issue here. Nonetheless, the trial court accepted McKenzie’s testimony that the title opinion, when signed by him, did not include the three-line provision using the word. At trial of the exception, the bank asserted no objection to that testimony, even declining to take advantage of additional time offered to brief “anything else.” Neither did it request a continuance as provided by LSA-C.C.P. Art. 1601. Now, however, for the first time, plaintiff questions relevancy.
Failure to invoke a rule of evidence constitutes a waiver of the corresponding objection, and the aggrieved party subsequently on appeal may not complain of the inadmissibility of the evidence. Creger v. Robertson, 542 So.2d 1090 (La.App. 2d Cir.1989); Pitts v. Bailes, 551 So.2d 1363 (La.App. 3d Cir.1989), writs denied, 553 So.2d 860 (La.1989) and 556 So.2d 1262 (La.1990). Here, then, the trial court could properly consider and give probative weight to the testimony presently challenged. No manifest error thus surfaces in the conclusions, reached below, that McKenzie did not warrant title and that one-year prescription applies. See Rosell v. ESCO, 549 So.2d 840 (La.1989).
Even the law of agency, of which plaintiff seemingly makes oblique reference, does not change the result. Although an agency relationship may be created either expressly or by implication, Bank of Greensburg v. Forrest, 520 So.2d 728 (La.1988); Comfort Heating & Air Cond., Inc. v. Brock, 476 So.2d 927 (La.App. 2d Cir.1985); Moreland v. Smith, 457 So.2d 748 (La.App. 2d Cir.1984), writ denied, 462 So.2d 196 (La.1984); Anderson Window & Patio Co. v. Dumas, 560 So.2d 971 (La.App. 4th Cir.1990); Martin Fuel Distr., Inc. v. Trans Gulf Fuel, Inc., 496 So.2d 473 (La.App. 1st Cir.1986), writ denied, 498 So.2d 753 (La.1986), it cannot be presumed and the party asserting the relationship faces the burden of proof. Bank of Greensburg, supra; Marinebanc Leasing v. Allied Companies, 535 So.2d 796 (La.App. 2d Cir.1988); Creaghan-Webre-Baker v. Le, 534 So.2d 94 (La.App. 3d Cir.1988). Of course, under certain circumstances an agent can be held liable, through his negligence, to third persons. Canter v. Koehring Co., 283 So.2d 716 (La.1973). In the present case, however, plaintiff did not expressly allege mandate, and neither asserted such at the exception trial nor elaborated on the issue before this *947 court. Furthermore, the record is devoid of facts sufficient to conclude agency existed.
Plaintiff’s alternative argument, the contention that even a one-year prescriptive period did not elapse prior to suit, is also unimpressive. Granted, only speculative injury or simply the threat of future harm, caused by the mere breach of a professional duty, does not suffice to create a delictual action so as to commence the running of prescription. Brand v. New England Ins. Co., 576 So.2d 466 (La.1991); Rayne State Bank & Trust v. Nat’l. Union Fire Ins. Co., 483 So.2d 987 (La.1986). But neither is it required that all, or even a greater part, of the damage be sustained before a cause of action for malpractice arises; instead, any appreciable and actual harm to the client, flowing from the attorney’s negligent conduct, establishes justici-ability. Brand, supra; Rayne, supra. Compare McCray v. New England Ins. Co., 579 So.2d at 1157 (La.App. 2d Cir.1991); Norwood, supra; Gifford v. New England Reins. Corp., 488 So.2d 736 (La.App. 2d Cir.1986).
After filing a petition for executory process on August 26, 1988, plaintiff subsequently halted a sheriff’s sale because of discovery of the outranking, previously undisclosed judgment. As earlier noted, the bank then “rescheduled” — to borrow plaintiff’s wording in its admissions — that sale and later purchased the property on December 14, 1988. That change alone necessitated, pursuant to LSA-C.C.P. Arts. 2722 and 2331, that notice of the judicial sale be again published preceding the second scheduled date. LSA-R.S. 43:203 provides that “the first newspaper advertisement ... shall be published at least 30 days before the date of judicial sale,” and that an additional publication occur not more than seven days, nor less than one day, prior to sale. Thus, the repetition of procedures and duplication of expense, required during the thirty-day period before December 14, 1988, satiated the “any appreciable and actual harm” requisite mentioned in Braud, supra.
Moreover, we find clearly untenable plaintiff’s position that it sustained no damage before actual purchase of the property at the second sale. Where, as here, a mortgagor defaults in payment of a loan and the mortgagee discovers that its title opinion failed to disclose a priming mortgage, with that ascertainment occurring at a time necessitating delay of a scheduled judicial sale, harm has obviously been sustained. Under such circumstances, accrual of prescription is not delayed until acquisition of the property involved.
Accordingly, the bank having failed to file suit until December 13, 1989, over one year from discovery and harm, its cause of action against McKenzie and his malpractice carrier prescribed.
CONCLUSION
For the reasons stated, and at plaintiff’s cost, the judgment of the trial court is affirmed.
AFFIRMED.
BROWN, J., concurs.

. As of September 7, 1990, LSA-R.S. 9:5605 provided for liberative prescription and peremption regarding actions against attorneys. The statute is identical in nature to LSA-R.S. 9:5628, which regulates actions against physicians but does not, as interpreted in Maltby v. Gauthier, 506 So.2d 1190 (La.1987), affect any cause of action vested before the effective date of the enactment. For reasons similar to those expressed in that opinion, the new legal malpractice act is inapplicable in the present case.