722 So.2d 382 (1998)
Jesse R. LEDBETTER, pro se, Plaintiff-Appellant,
v.
Douglas WHEELER, Defendant-Appellee.
No. 31,357-CA.
Court of Appeal of Louisiana, Second Circuit.
December 9, 1998.
*383 Jesse R. Ledbetter, M.D., Appellant, in Proper Person.
Theus, Grisham, Davis & Leigh by George M. Snellings, IV, Monroe, Counsel for Appellee.
Before BROWN, WILLIAMS and PEATROSS, JJ.
PEATROSS, J.
Plaintiff, Jesse R. Ledbetter ("Ledbetter"), filed suit in proper person on January 13, 1998, alleging legal malpractice against his appointed counsel in a prior federal criminal action. Defendant, Douglas Wheeler ("Wheeler"), filed a peremptory exception of prescription which the trial court granted on March 5, 1998, dismissing Ledbetter's suit with prejudice. Ledbetter had also filed a motion for indefinite stay under 11 U.S.C.A. § 362 (bankruptcy), which the trial court also denied on March 5, 1998. Ledbetter has appealed. For the reasons stated herein, we affirm.

FACTS
Ledbetter was convicted of wire fraud in the United States District Court for the Western District of Louisiana, Monroe Division, and sentenced to serve 27 months. He was to begin his sentence on May 23, 1994, but failed to surrender himself. Ledbetter was eventually arrested by federal marshals and charged with one count of failure to appear for surrender, pursuant to 18 U.S.C.A. § 3146(a)(2), and one count of fraudulently obtaining the social security number of his dead brother, pursuant to 42 U.S.C.A. § 408(a)(7)(A).
Wheeler was appointed by the court to represent Ledbetter on August 7, 1996. Ledbetter was arraigned on August 20, 1996. On September 5, 1996, Ledbetter entered a plea of guilty in accordance with the plea bargain negotiated with the Office of the U.S. Attorney. Sentencing was set for December 10, 1996, and a Presentence Investigation (PSI) was requested by the court. Wheeler met with Ledbetter and the U.S. Probation Officer on November 22, 1996, to discuss the PSI. Later that day, Ledbetter wrote to Wheeler to express his concerns about the quality of Wheeler's representation of him.
*384 Ledbetter was sentenced on December 10, 1996.[1] According to his brief, Ledbetter complained at the hearing that he had not reviewed a copy of his PSI. A recess was taken and he was given an opportunity to read his PSI. That same day Ledbetter was sentenced.
Ledbetter had no further contact with Wheeler after December 10, 1996. In August 1997, Ledbetter, in proper person, filed for post-conviction relief in federal court alleging ineffective assistance of counsel. On January 12, 1998, Ledbetter, in proper person, filed a "Complaint for Damages" in the Fourth Judicial District Court, for the Parish of Ouachita, alleging legal malpractice on the part of Wheeler.
Wheeler filed a peremptory exception of prescription on January 28, 1998. On February 2, 1998, the trial court ordered that a rule to show cause on the exception be set for March 5, 1998. On January 30, 1998, Ledbetter filed a motion for indefinite stay of proceedings pursuant to 11 U.S.C.A. § 362 (bankruptcy). Despite the motion to stay, Ledbetter filed a response to Wheeler's exception on February 20, 1998.
Ledbetter filed a second motion for indefinite stay on February 23, 1998, and on February 25, 1998, the trial court granted ex parte the motion filed on January 30, 1998. Wheeler, however, filed a request for contradictory hearing to reconsider the motion on February 27, 1998. On March 2, 1998, the trial court ordered that a hearing on Ledbetter's motion be held with the hearing of Wheeler's exception of prescription on March 5, 1998.
Ledbetter alleges he did not receive notice of the March 5, 1998 hearing of his motion for indefinite stay until the evening of March 5, 1998, long after the time of the hearing. Wheeler contends, however, that he served notice of the March 5, 1998 hearing on the exception of prescription on Ledbetter by certified mail on February 5, 1998, so that Ledbetter knew there was to be a hearing on that day.
Ledbetter did not participate in the March 5, 1998 hearing by telephone or otherwise. Ledbetter's motion for indefinite stay was denied and Wheeler's exception of prescription was granted, dismissing Ledbetter's claim with prejudice. Ledbetter appeals from this judgment asserting as error the denial of his motion for indefinite stay and the granting of Wheeler's exception of prescription.

DISCUSSION

Motion for Indefinite Stay
We will first dispose of the issue of Ledbetter's motion for indefinite stay of proceedings before we reach the issue of prescription. First, Louisiana civil procedure does not provide any method for obtaining an indefinite stay of proceedings. Assuming, since Ledbetter referred to 11 U.S.C.A § 362, his request was intended as an automatic stay provided by the inception of his bankruptcy proceedings, the steps which he took were procedurally inadequate to achieve this end. An order of stay must first be granted by the federal district court in which the bankruptcy proceeding is had and that order must then be filed in the state court proceeding to be stayed. Although we concede that Ledbetter, as a layperson, was representing himself, a pro se litigant assumes all responsibility for his own inadequacies and lack of knowledge of procedural and substantive laws. Dixon v. Shuford, 28,138 (La.App.2d Cir.4/03/96), 671 So.2d 1213.
Finally, the automatic stay is not a remedy afforded under the bankruptcy code for debtors who assume the position of creditors in other suits. 11 U.S.C.A. § 362 was designed to protect debtors who have filed for bankruptcy from further suit by creditors prior to completion of their bankruptcy proceeding. The language of 11 U.S.C.A. § 362 specifies that only those suits against the debtor will be stayed.
Ledbetter has also complained that he did not receive proper notice of the hearing on his motion to stay. Assuming, arguendo, that this is true, the trial court afforded *385 Ledbetter 30 days to traverse the ruling, preserving Ledbetter's opportunity to be heard on that matter. Ledbetter chose not to take advantage of that opportunity.

Peremptory Exception of Prescription
Ledbetter complains that the trial court erred in holding the hearing on the peremptory exception of prescription in his absence. Ledbetter does not assert, however, that he had no notice of the March 5, 1998 hearing. To the contrary, Ledbetter was served with the exception and filed a response in the suit record on February 20, 1998. For the reasons set forth herein, we find that Ledbetter has failed to show that he was prejudiced by not being present at the hearing on the exception.
We also find that the petition of Ledbetter filed in these proceedings reflects that his claim of legal malpractice against Wheeler has prescribed on the face of the petition thus shifting the burden to Ledbetter to prove that prescription was somehow interrupted. Bissic v. Hart Associates, 26,099 (La.App.2d Cir.9/21/94), 643 So.2d 261.
Ledbetter states in his brief that he had no "knowledge of the actions or inactions that constituted" his claim against Wheeler prior to July 1997, at which time he was given access to the prison law library. Ledbetter's contention is that as an ignorant lay person, he had no way to know that he might have a claim in malpractice against Wheeler until he, Ledbetter, performed the legal research which revealed the claim. We find no merit to this argument.
A layman may not escape commencement of prescription by asserting that his ability to comprehend and evaluate the facts is limited. Smith v. Boothe, 28,065 (La.App.2d Cir.2/28/96), 669 So.2d 682, writ denied, 96-0821 (La.5/10/96), 672 So.2d 928; Teague v. Scott, 597 So.2d 1060 (La.App. 2d Cir.1992). Prescription begins to run upon the claimant's knowledge of the facts upon which his claim is based. Smith, supra; Norwood v. Fish, 537 So.2d 783 (La.App. 2d Cir.1989), writ denied, 539 So.2d 634 (La. 1989). Ignorance of such facts will not be considered if it is willful, negligent or unreasonable. Smith, supra; Norwood, supra. The focus, therefore, is upon the appropriateness of the claimant's actions or inactions. Id.
Ledbetter enumerates the elements which make up his claim as follows: 1) Wheeler's failure to make the federal court aware of his medical problems and to request an independent neurological or psychiatric evaluation of him; 2) Wheeler's violation of Ledbetter's Sixth Amendment rights because of Wheeler's indifference to him while serving as his attorney in the federal court proceeding; 3) Wheeler's failure to make Ledbetter's PSI report available to him ten days prior to sentencing in accordance with Rule 32 of the Federal Rules of Criminal Procedure; 4) Wheeler's abandonment of Ledbetter following his sentencing on December 10, 1996, and failure to file a notice of appeal on behalf of Ledbetter.
Wheeler argues, however, that Ledbetter was aware of all of the necessary facts constituting the alleged acts, omissions or neglect on or before his sentencing date of December 10, 1996; and this suit was not filed until January 13, 1998, over 13 months later. We agree.
The November 22, 1996 letter[2] that Ledbetter wrote to Wheeler voicing his concerns about Wheeler's representation of him included most of the complaints raised by Ledbetter in these proceedings. Since Ledbetter was not sentenced until December 10, 1996, the November 22, 1996 letter did not contain any reference to Wheeler's failure to file a notice of appeal on behalf of Ledbetter. It is patent on the face of Ledbetter's petition, however, that Ledbetter was aware that Wheeler had "abandoned" him at the conclusion of his sentencing on December 10, 1996. Paragraph 26 of Ledbetter's petition reads as follows:
Mr. Wheeler became so angry and out of control that he abandoned the Plaintiff in the hallway outside the Courtroom immediately *386 after the sentencing refusing to discuss the sentence, appeal or the options available to the Plaintiff. The Plaintiff has not heard from him since.
This put Ledbetter on notice that he had been abandoned and that Wheeler would not be filing an appeal on Ledbetter's behalf.
Moreover, it is not necessary that a claimant sustain all, or even the greater portion, of the damages which are occasioned by his attorney's alleged fault before a cause of action for malpractice arises. Braud v. New England Insurance Co., 576 So.2d 466 (La. 1991); Smith, supra; Teague, supra; Landmark Savings Bank v. Greenwald, 582 So.2d 943 (La.App. 2d Cir.1991). According to Ledbetter, he sustained damages as early as November 22, 1996. Prescription, therefore, could have begun to run as soon as that date. At the outside, prescription began to run on December 10, 1996, the date of the hearing at which Ledbetter claims Wheeler's actions constituted malpractice and Wheeler's last day of representation of Ledbetter.[3]
Since we find that the latest that Ledbetter could have timely filed his claim for legal malpractice against Wheeler was one year from December 10, 1996, Ledbetter's claim has prescribed on its face and he has not borne the burden of proof necessary to rebut the exception of prescription.

CONCLUSION
For the foregoing reasons, we affirm the judgment of the trial court. Costs are assessed to Plaintiff.
AFFIRMED.
NOTES
[1] While the record in this case contains a copy of the transcript of Ledbetter's pleas of guilty, the record does not contain a copy of his sentencing transcript.
[2] The November 22, 1996 letter is attached to, and incorporated in, Ledbetter's original petition.
[3] In his brief, Ledbetter argues that if December 10, 1996, is used as the date of his knowledge, we must then tack on the new trial and appeal delays before prescription begins to run. This argument has no legal basis and will not be addressed.