# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-31250
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 21, 2015

Lyle W. Cayce
Clerk

DONALD M. BOSWELL,

Plaintiff-Appellant,

v.

CLAIBORNE PARISH DETENTION CENTER; JOHNNY SUMLIN; JOHN
GOODWIN; JAMES BANKS; STAFF CLAIBORNE PARISH DETENTION
CENTER,

Defendants-Appellees.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:11-CV-739

Before KING, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:*

Donald M. Boswell, Louisiana prisoner # 567056, appeals the dismissal,
as frivolous, of his civil rights action under 42 U.S.C. § 1983.  Boswell filed his
complaint in May 2011, and he raised numerous claims based on events that
occurred during his confinement as a pretrial detainee at the Claiborne Parish

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

Detention Center (CPDC).  As explained below, we affirm the district court's judgment in part, vacate the judgment in part, and remand.

A district court must dismiss a prisoner's in forma pauperis (IFP) civil rights complaint if the court determines that the action is frivolous or malicious or fails to state a claim upon which relief may be granted.  *Black v. Warren*, 134 F.3d 732, 733 (5th Cir. 1998); *see* 28 U.S.C. § 1915(e)(2)(B)(i) & (ii).  A district court may dismiss an IFP complaint as frivolous under § 1915(e)(2)(B)(i) if it lacks an arguable basis in law or fact.  *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997).  A complaint lacks an arguable basis in law if it is based upon an indisputably meritless legal theory; it lacks an arguable basis in fact if the facts alleged are "fantastic or delusional scenarios."  *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009) (quotation marks omitted).  We review the district court's dismissal of a complaint as frivolous pursuant to § 1915(e)(2)(B)(i) for an abuse of discretion.  *Brewster v. Dretke*, 587 F.3d 764, 767 (5th Cir. 2009).

Several of Boswell's claims were dismissed on prescription grounds.  *See Harris v. Hegmann*, 198 F.3d 153, 158 (5th Cir. 1999) (holding that, in Louisiana, a one-year limitations period applies to § 1983 claims).  As to claims concerning being locked in a visitation booth, being threatened by inmates, the denial of access to legal mail, the denial of treatment and medication for kidney stones prior to November 10, 2009, hypoglycemia, damage to his property, a wrist fracture suffered due to the use of excessive force, false disciplinary charges, and noxious paint fumes, Boswell has abandoned the prescription issue by failing to brief it.  *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993) (holding that, although their briefs are afforded liberal construction, even pro se litigants must brief arguments to preserve them).  Boswell's contentions that he is entitled to equitable tolling of the limitations period

because he "had no knowledge of the civil law," was given incorrect legal advice by a "prison inmate counsel," and lacked access to the prison law library while in administrative segregation are unavailing. *See Ledbetter v. Wheeler*, 31,357 (La. App. 2 Cir. 12/9/98), 722 So. 2d 382, 385 (rejecting prisoner's contention that he was entitled to equitable tolling because he lacked knowledge of the law until given access to the prison law library); *Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000) (holding that ignorance of the law, temporary denial of access to legal materials, lack of knowledge of filing deadlines, and inadequacies of a prison law library are insufficient to warrant equitable tolling in the AEDPA context). Accordingly, we affirm the dismissal of the above claims.

We likewise affirm the dismissal of several other claims. As to claims concerning the lack of medical treatment and medication for kidney stone pain on June 11, 2010, irritable bowel syndrome, and a bleeding ulcer, Boswell's allegations fail to establish deliberate indifference to serious medical needs, *see Thompson v. Upshur Cty.*, 245 F.3d 447, 457 (5th Cir. 2001), and his allegations likewise fail to demonstrate that any delay in providing treatment resulted in substantial harm, *see Rogers v. Boatright*, 709 F.3d 403, 410 (5th Cir. 2013). As to his claim regarding the failure to provide sanitary supplies and hygiene products, Boswell's allegations do not show deliberate indifference to a serious medical need, nor do they show that the conditions of his confinement amounted to punishment. *See Harris v. Angelina Cty.*, 31 F.3d 331, 334 (5th Cir. 1994). His claim regarding the provision of an unsanitary mattress, which he was unable to clean for two days, fails because his allegations demonstrate that the alleged deprivation was pursuant to a "full shakedown" of his dorm unit and thus was "an incident of some other legitimate governmental purpose." *Id.* Boswell's claim that he was denied

access to the courts because he could not consult by telephone with the appointed attorney representing him on criminal charges, and because he could not pursue a civil child custody matter, was properly dismissed as frivolous. *See Lewis v. Casey*, 518 U.S. 343, 353 & n.3, 355 (1996); *Degrate v. Godwin*, 84 F.3d 768, 769 (5th Cir. 1996). Lastly, the district court did not err in dismissing Boswell's claim that his custodial status was improperly changed. *See McCord v. Maggio*, 910 F.2d 1248, 1250 (5th Cir. 1990); *Wilkerson v. Maggio*, 703 F.2d 909, 911 (5th Cir. 1983).

As to the following claims, however, our review shows that the district court erred its dismissing the claims as frivolous. The district court dismissed Boswell's claim regarding the denial of medical attention and medication for his hernia on grounds that the claim was prescribed; however, as Boswell argues, he has pleaded a continuing violation based on "a failure to provide needed and requested medical attention." *Lavellee v. Listi*, 611 F.2d 1129, 1132 (5th Cir. 1980). Thus, it is not clear from the face of his complaint that the claim was prescribed. *See Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993). Boswell's allegations as to the denial of medical care for his hernia are neither factually nor legally frivolous, and likewise, Boswell's claim concerning a head and chest cold, which, when allegedly left untreated, worsened to bronchitis and walking pneumonia, is not frivolous. *See Samford*, 562 F.3d at 678. Similarly, Boswell's claim that he was retaliated against upon the discovery by CPDC officials of his efforts to contact the Federal Bureau of Investigation and the American Civil Liberties Union regarding his treatment at the facility is not frivolous. *See Samford*, 562 F.3d at 678; *Woods v. Smith*, 60 F.3d 1161, 1165 (5th Cir. 1995). Finally, in view of Boswell's allegations that he was subjected to strip searches by or in front of female deputies and after non-contact visits, we conclude that his claim is not frivolous. *See Samford*,

4

No. 14-31250

562 F.3d at 678; *Moore v. Carwell*, 168 F.3d 234, 235-37 (5th Cir. 1999); *Letcher v. Turner*, 968 F.2d 508, 510 & n.1 (5th Cir. 1992); *Johnson v. Scott*, 2002 WL 243359, *1 (5th Cir. Jan, 23, 2002) (unpublished).  Accordingly, we vacate the dismissal of these claims as frivolous and remand them to the district court for further proceedings consistent with this opinion.

To the extent that Boswell claims that he was denied access to the courts to pursue a challenge to his punishment for a disciplinary violation, and that he was subjected to temperature extremes, poor ventilation, and the indiscriminate use of chemical spray, we do not consider such claims because they were not made in the district court.  *See Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999); *see also Forbush v. J.C. Penney Co.*, 98 F.3d 817, 822 (5th Cir. 1996) ("The Court will not allow a party to raise an issue for the first time on appeal merely because a party believes that he might prevail if given the opportunity to try a case again on a different theory.").

AFFIRMED IN PART; VACATED AND REMANDED IN PART.