# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-30801
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 21, 2016

Lyle W. Cayce
Clerk

EDDIE F. ARMSTRONG,

Plaintiff - Appellant

v.

RONAL SERPAS; LESTER C. MARSHALL,

Defendants - Appellees

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:15-CV-808

Before BARKSDALE, HAYNES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Proceeding *pro se* and *in forma pauperis*, Louisiana prisoner Eddie F. Armstrong appeals the dismissal of his 42 U.S.C. § 1983 action, pursuant to Federal Rule of Civil Procedure 12(b)(6), as time-barred. Rule 12(b)(6) dismissals are reviewed *de novo*, "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff". *Groden v. City*

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 15-30801

*of Dallas*, 826 F.3d 280, 283 (5th Cir. 2016) (quoting *Hines v. Alldredge*, 783 F.3d 197, 200–01 (5th Cir. 2015)).

Armstrong contends a New Orleans police officer violated his constitutional rights by using excessive force in the course of arresting him. For § 1983 claims, the statute of limitations is "'the forum state's personal-injury limitations period,' which in Louisiana is one year". *Smith v. Reg'l Transit Auth.*, 827 F.3d 412, 421 (5th Cir. 2016). Armstrong's claims accrued 12 February 2013, the date he alleges he was subjected to excessive force. *See Price v. City of San Antonio*, 431 F.3d 890, 893 (5th Cir. 2005). He did not file his complaint, however, until January 2015 — well after the applicable one-year prescriptive period had run. *See Smith*, 827 F.3d at 421. Before the magistrate judge, Officer Marshall and Superintendent Serpas sought dismissal based, *inter alia*, on the running of that period. (Armstrong only appeals his claims against Officer Marshall, the arresting officer, and not as to Serpas, the police-department superintendent.) In response, Armstrong asserted the period was tolled under the equitable-tolling doctrine of *contra non valentum*, maintaining he was not able to file this action because of the recovery time for his injuries and inadequate legal resources in prison. The magistrate judge recommended dismissal, and the district court adopted the magistrate judge's report and recommendation.

Armstrong re-urges his *contra non valentum* contentions. Under Louisiana law, however, the doctrine applies only in four circumstances:

> (1) where there was some legal cause which prevented the courts or their officers from taking cognizance of or acting on the plaintiff's action;
> (2) where there was some condition coupled with a contract or connected with the proceedings which prevented the creditor from suing or acting;
> (3) where the debtor himself has done some act effectually to prevent the creditor from availing himself of his cause of action; or

No. 15-30801

(4) where the cause of action is neither known nor reasonably knowable by the plaintiff even though plaintiff's ignorance is not induced by the defendant.

*Marin v. Exxon Mobil Corp.*, 48 So.3d 234, 245 (La. 2010). The facts pleaded by Armstrong do not meet these criteria, and analogous contentions have been deemed insufficient by our court. *See Felder v. Johnson*, 204 F.3d 168, 171–72 (5th Cir. 2000) (equitable tolling in the AEDPA context); *see also Boswell v. Claiborne Par. Detention Ctr.*, 629 F. App'x 580, 582 (5th Cir. 2015) (equitable tolling of § 1983 claims by a Louisiana prisoner).

AFFIRMED.

JUDGE HAYNES concurs only in the judgment.