839 So.2d 1218 (2003)
Connie L. MOSLEY individually, and Vicel Smith on behalf of her Minor Children Teron White, Cleandrew Barden, and Katrina Smith, Plaintiffs-Appellants,
v.
MISSOURI PACIFIC RAILROAD COMPANY d/b/a Union Pacific Railroad Company, Chester T. Gates, Wendell E. Pugh, Parish of Morehouse, Town of Bonita, Defendants-Appellee.
No. 36,907-CA.
Court of Appeal of Louisiana, Second Circuit.
March 5, 2003.
*1219 Hester & Waters, APLC by Rena L. Hester, Baton Rouge, for Plaintiffs-Appellants.
Gold, Weems, Bruser, Sues & Rundell by Samuel N. Poole, Jr., Brandon A. Sues, Alexandria, for Appellee, Morehouse Parish Police Jury.
William C. Henry, for Missouri Pacific Railroad Co.
Before BROWN, CARAWAY and PEATROSS, JJ.
CARAWAY, J.
The plaintiffs in this case participated in discovery with other defendants without actively prosecuting their claims against the police jury. The discovery actions were not filed in the suit record, and the police jury received no service or notice of the discovery. Following three years of the absence of pleadings in the suit record, the police jury moved for abandonment of the action. After a contradictory hearing, the trial court granted this motion and dismissed plaintiffs' suit as to the police jury. For the following reasons, we affirm the trial court's ruling.

Facts
According to the petition, Markey L. Smith was fatally injured on May 12, 1995, in an accident between an automobile and a locomotive owned by Missouri Pacific Railroad Company ("MPRR"). The accident occurred in the Town of Bonita in Morehouse Parish. On May 6, 1996, the decedent's survivors filed suit against the Town of Bonita, the Morehouse Parish Police Jury ("Police Jury"), MPRR, the train's engineer, Chester T. Gates ("Gates") and the train's conductor, Wendell E. Pugh ("Pugh"). An amended petition was filed on July 16, 1997. Both pleadings requested that service be withheld. Service was subsequently requested by the plaintiffs and the returns, indicating that service had been accomplished on the defendants, were filed in the record on September 19, 1997.
On October 18, 2000, the Police Jury was served with plaintiffs' interrogatories and requests for production of documents. On November 2, 2000, it filed a motion to have the suit dismissed on the basis of abandonment. The trial court denied the issuance of an ex-parte order and set the matter for hearing. At the hearing, the following facts were undisputed:
1. The petition was filed on May 6, 1996, and the amended petition was filed *1220 on July 16, 1997. Both pleadings were served on the defendants no later than September 19, 1997.
2. The Police Jury never filed an answer to the petition.
3. Plaintiffs never propounded discovery to the Police Jury.
4. No formal, "on-the-record" steps were taken in either the prosecution or defense of the lawsuit.
5. Plaintiffs and MPRR engaged in discovery in 1998 through interrogatories and depositions. Counsel for plaintiffs stipulated that the Police Jury did not receive copies of these interrogatories, the responses thereto, or the notices of depositions.
6. On August 24, 1999, plaintiffs' claims against MPRR, Gates and Pugh were mediated. At the dismissal for abandonment hearing, counsel for plaintiffs also stipulated that the mediator's pre-mediation instructions attached to plaintiffs' opposition to the abandonment were not received by the Police Jury.
The Police Jury submitted evidence that it was unaware of either the above-mentioned exchange of discovery or any other activity in the suit until the receipt of plaintiffs' discovery on October 18, 2000. Plaintiffs' counsel did not contradict this assertion either through oral argument or by the presentation of evidence.
At the conclusion of the hearing, the trial court granted the motion to dismiss the suit on the basis of abandonment, effectively dismissing the Police Jury from the lawsuit. A judgment to that effect was signed on June 5, 2002. The instant appeal followed.

Discussion
An action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years. La. C.C.P. art. 561(A). The Code of Civil Procedure allows for certain informal discovery, including interrogatories, to amount to a step in the prosecution of an action, as follows:
La. C.C.P. art. 1474

* * *
B. Interrogatories and the answers thereto, requests for production or inspection, and requests for admissions and the responses thereto authorized by Article 1421 shall be served upon other counsel or parties, but shall not be filed in the record of the proceedings, ...

* * *
C.(4) The serving of any discovery materials pursuant to the provisions of this Article shall be considered a step in the prosecution or defense of an action for purposes of Article 561, notwithstanding that such discovery materials are not filed in the record of the proceedings.
The above provision of Article 1474 concerning abandonment was added to the law by Acts 1989, No. 388, § 1. The 1989 act also provided a similar rule pertaining to discovery depositions permitting off-the-record actions to be considered a step in the prosecution of the case for the purpose of interrupting abandonment. La. C.C.P. art. 1446(D). Prior to these 1989 amendments, the supreme court in Chevron v. Traigle, 436 So.2d 530, 532 La.1983), held that formal action "before the court and on the record" was necessary for a "step" in the prosecution. "In this way, examination of the record will reveal the status of litigation with certainty and without resort to extrinsic evidence." Id. La. C.C.P. arts. 1446 and 1474 now embody *1221 exceptions to this rule, and the presentation of extrinsic evidence of informal discovery may establish a "step" in the proceeding which interrupts the abandonment period.
In 1997, the legislature added Paragraph B to La. C.C.P. art. 561 to acknowledge the effect of the 1989 amendments to the discovery articles on abandonment. Paragraph B of Article 561 provides:
Any formal discovery as authorized by this Code and served on all parties whether or not filed of record, including the taking of a deposition with or without formal notice, shall be deemed to be a step in the prosecution or defense of an action.
Prior to these changes in the law, the Louisiana Supreme Court dealt with the effect of discovery interrogatories upon the issue of abandonment in Delta Development Co., Inc. v. Jurgens, 456 So.2d 145 (La.1984). In that case involving multiple defendants, the plaintiff's sole "step" during the five-year abandonment period prescribed under the former law was the filing of interrogatories directed to and served only on one of the defendants. Rejecting the other defendants' argument that no step had been taken to interrupt abandonment of the action as to them, the court ruled that "[w]hen any party to a lawsuit takes formal action in the trial court, it is effective as to all parties." Id. at 146 (emphasis added).
The present action is distinguished from Delta Development because of the informal, off-the-record discovery which was not directed to all defendants. The extrinsic evidence concerning the 1998 discovery actions contains certificates of service signed by various counsel purporting to effect service by mail on all parties through their counsel of record. Nevertheless, in 1998 those certificates were not filed in the record pursuant to La. C.C.P. art. 1313(B), and the Police Jury, which had not answered the suit, had no counsel of record and therefore received no notice of such discovery.
The rule of Delta Development must also be considered in light of new Article 561(B) which indicates that discovery interrogatories "whether or not filed of record" must be "served on all parties." Such service may occur by mail. La. C.C.P. arts. 1474 and 1313. The requirement of service is in keeping with the concept of notice which our supreme court has recently addressed as follows:
The rule requiring a party's action be on the record is designed to protect a defendant. The rule is intended to ensure notice to the defendant of actions taken that interrupt abandonment.
Clark v. State Farm Mut. Auto. Ins. Co., 00-3010 (La.5/15/01), 785 So.2d 779, 790.
The defendants in Delta Development who were unserved, nevertheless received notice of plaintiff's efforts to prosecute the action because the discovery interrogatories were formally filed in the suit record. Such "formal action" was not taken in this suit because the interrogatories were not filed in the record. In order for such informal interrogatories to amount to a "step" and effect notice on parties to whom the interrogatories are not directed, Article 561(B) requires that such parties be served with notice of those interrogatories. Such service and notice to the Police Jury did not occur in this case. Accordingly, we find that the informal discovery conducted by plaintiffs does not amount to a step in the prosecution of the case as to the Police Jury for *1222 the purpose of interrupting abandonment. See, also, Benjamin-Jenkins v. Lawson, 00-0958 (La.App. 4th Cir.3/7/01), 781 So.2d 893, writ denied, 01-1546 (La.9/14/01), 796 So.2d 681; Clark v. City of Hammond, 00-0673 (La.App. 1st Cir.8/10/00), 767 So.2d 882.
Regarding the 1999 mediation between plaintiffs and the other defendants, the same rationale regarding the lack of notice to the Police Jury applies. Those mediation steps for settlement did not take place before the court and on the record. It does not amount to informal discovery which can be established by extrinsic evidence as an interruption of the abandonment period. Therefore, those mediation efforts do not toll the running of the abandonment period regarding plaintiffs' claims against the Police Jury.

Conclusion
For the foregoing reasons, the plaintiffs' claims against the Police Jury were properly dismissed by the trial court as abandoned. Costs of appeal are assessed to appellants.
AFFIRMED.