WHITEWING AND WHITEWING OIL COMPANY, L.L.C., W. K. WHITEWING, KEN MILLER, TENKAY RESOURCES, INC., ART PASMAS, MARATHON ENERGY CORPORATION, ROBERT E. CRAWFORD, DONALD W. BOUCHER, CARLENE BOUCHER, DARREL SHIMSHACK, SHARON SHIMSHACK, POTTER RESOURCES, INC., WILLIAM E. LANG, RICHMAR INTERESTS, INC., VLM RESOURCES, INC., AMANDEL CORPORATION, EXAMA OIL COMPANY
v.
ENERGY DRILLING COMPANY, INC.
No. 2007 CA 1773.
Court of Appeals of Louisiana, First Circuit.
March 26, 2008.
H. DOUGLAS HUNTER, Counsel for Plaintiffs/Appellants, Whitewing and Whitewing Oil, Company, L.L.C. et al.
PAUL MATTHEW JONES, APRIL L. ROLEN-OGDEN, Counsel for Defendant/Appellee, Energy Drilling Company, Inc.
RAYMOND A. BEYT, Counsel for Intervenor/Appellee, Smith Petroleum Company
Before: CARTER, C.J., PETTIGREW and WELCH, JJ.
CARTER, C.J.
Plaintiffs appeal a trial court judgment dismissing their suit due to abandonment. For the following reasons, we affirm.

FACTUAL AND PROCEDURAL HISTORY
Plaintiffs, Whitewing and Whitewing Oil Company L.L.C. et al, owned mineral rights to certain property. Plaintiffs entered into an agreement with Energy Drilling Corporation (Energy) whereby Energy, the drilling contractor, would drill a well (Theresa Cheramie No. 1) to explore for minerals. Thereafter, Energy entered into a contract with Smith Petroleum Company (Smith), by virtue of which Smith would act as the drilling operator for the well.
On June 24, 2002, Plaintiffs filed suit against Energy seeking compensation for damages to the well. Presumably, the well was lost after a metal obstruction had been dropped into the well casing.
By letter dated July 12, 2002, Energy made formal demand upon Smith for defense and indemnity on Plaintiffs' claims as provided for in the contract between those parties. Smith denied any such obligation. Accordingly, on September 9, 2002, Smith filed a petition to intervene in the suit seeking a declaratory judgment "against defendant, Energy Drilling Company, declaring that there is no obligation" by Smith for defense or for indemnity. On October 1, 2002, Energy answered Smith's petition in intervention and asserted a reconventional demand against Smith for a declaratory judgment, stating that Smith was indeed obligated to insure, defend, and indemnify Energy with regard to the claims asserted by Plaintiffs in the main demand.
On October 28, 2002, Smith answered Energy's reconventional demand and then asserted a cross-claim against Plaintiffs. Therein, Smith prayed that "[i]n the event that judgment is rendered on the reconventional demand in favor of Energy" and against Smith, Smith prayed for judgment in its favor on the cross-claim against the original plaintiffs for their proportionate share.
Thus, in summary, Plaintiffs had asserted a claim against Energy, Smith had asserted a claim against Plaintiffs, and Smith and Energy had asserted reciprocal claims against one another.
Following Smith's answer to Plaintiffs' answer to cross-claim and petition for declaratory judgment on December 16, 2002, no other action appears of record until January 18, 2007, when Plaintiffs filed a motion for summary judgment as to Smith's cross-claim against them. Accordingly, on February 2, 2007, Energy filed an ex parte motion for dismissal due to abandonment and attached an affidavit by counsel for Energy stating that no party had served any discovery on Energy. The trial court granted the motion and on February 19, 2007, dismissed Plaintiffs' suit.
Thereafter, Plaintiffs filed a rule to show cause why the dismissal for abandonment should not be set aside. While conceding that no formal action had taken place on the record from December 16, 2002, until January 18, 2007, Plaintiffs argued that they had taken other steps in the interim that were sufficient to interrupt the abandonment period. Specifically, Plaintiffs relied upon:
(1) Their correspondence dated September 3, 2004, and directed to Smith, attempting to coordinate a date for the deposition of Smith's expert witness. Energy was copied on the letter;
(2) Their August 26, 2005, propounding of interrogatories (annexed thereto was a request for the production of documents) on Smith that Smith responded to on December 2, 2005; and,
(3) Their November 2, 2006, propounding of a second set of interrogatories on Smith.
Neither set of interrogatories was served on Energy.
Following a hearing, the trial court signed a judgment in June 2007, denying Plaintiffs' motion to set aside the dismissal further stating: "[t]he original Order of Dismissal, which was signed on February 19, 2007, remains valid and effective as of the date signed." From this judgment, Plaintiffs appeal.

LAW AND DISCUSSION
The essential facts are undisputed, and the issue of whether Plaintiffs' suit against Energy was abandoned is a question of law. Therefore, this court is required to determine whether the trial court applied the law appropriately. The scope of appellate review for issues of law is simply to determine whether the trial court's interpretative decision is legally correct. Voisin v. International Companies & Consulting, Inc., XXXX-XXXX (La. App. 1 Cir. 2/10/06), 924 So.2d 277, 279, writ denied, XXXX-XXXX (La. 6/30/06), 933 So.2d 132.
At the time this matter was considered by the district court La. Code Civ. P. art. 561[1] provided in pertinent part:
A. (1) An action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years[.]
. . .
(2) This provision shall be operative without formal order, but, on ex parte motion of any party or other interested person by affidavit which provides that no step has been taken for a period of three years in the prosecution or defense of the action, the trial court shall enter a formal order of dismissal as of the date of its abandonment.
. . .
B. Any formal discovery as authorized by this Code and served on all parties whether or not filed of record, including the taking of a deposition with or without formal notice, shall be deemed to be a step in the prosecution or defense of an action.
Article 561 has been construed as imposing three requirements on plaintiffs. First, plaintiffs must take some "step" towards prosecution of their lawsuit. In this context, a "step" is defined as taking formal action before the court that is intended to hasten the suit toward judgment or the taking of a deposition with or without formal notice. Second, the step must be taken in the proceeding and, with the exception of formal discovery, must appear in the record of the suit. Third, the step must be taken within the legislatively prescribed time period of the last step taken by either party. Clark v. State Farm Mutual Automobile Insurance Company, XXXX-XXXX (La. 5/15/01), 785 So.2d 779, 784.
Abandonment is designed to discourage frivolous lawsuits by preventing plaintiffs from letting them linger indefinitely. Benjamin-Jenkins v. Lawson, XXXX-XXXX (La. App. 4 Cir. 3/7/01), 781 So.2d 893, 895, writ denied, XXXX-XXXX (La. 9/14/01), 796 So.2d 681. The jurisprudence instructs that Article 561 is to be liberally construed in favor of maintaining a plaintiff's suit. Clark v. State Farm, 785 So.2d at 785. Abandonment is not meant to dismiss actions on mere technicalities but, rather, to dismiss actions that in fact clearly have been abandoned. Clark v. State Farm, 785 So.2d at 786.
In this matter, Plaintiffs bore the burden of proving, by extrinsic evidence, a permissible cause outside the record that prevented accrual of the three-year abandonment period. Lyons v. Dohman, XXXX-XXXX (La. App. 3 Cir. 5/30/07), 958 So.2d 771, 774. Stated differently, Plaintiffs were required to present evidence for the record sufficient to set aside the trial court's prior dismissal. Lyons, 958 So.2d at 774. With these general principles in mind, we address Plaintiffs' arguments that they conducted discovery outside of the record that served to interrupt the abandonment period.

Alleged Steps

Correspondence
Plaintiffs first assert that the letter drafted by their counsel and addressed to counsel for Smith, inquiring as to possible dates on which Smith's expert witness might be deposed, constituted a step and that Energy was copied on the letter. However, Plaintiffs do not dispute that no subsequent deposition notice was ever served, nor did the proposed deposition take place. While the actual taking of a deposition and the service of "discovery materials" are considered steps, the pertinent letter clearly qualifies as neither. See La. Code Civ. P. arts. 1421, 1438, 1446D, 1474C(4).
The jurisprudence is replete with examples of correspondence by counsel, not discovery in and of themselves but merely pertaining to or referencing discovery matters, such as the letter herein. Parson v. Daigle, 96-2569 (La. App. Cir. 12/29/97), 708 So.2d 746, 748; Hica Steel Foundry & Upgrade Co. v. Arklatex Environmental Consultants, Inc., 39,460 (La. App. 2 Cir. 4/6/05), 899 So.2d 802, 807; Olavarrieta v. St. Pierre, XXXX-XXXX (La. App. 4 Cir. 5/11/05), 902 So.2d 566, 569, writ denied, XXXX-XXXX (La. 12/16/05), 917 So.2d 1118. The courts have uniformly held that such correspondence does not constitute a step in the prosecution of an action.
While Plaintiffs may not have intended to abandon their action, the intention to take a step in the prosecution of their claim without a step actually being taken is wholly insufficient. Clark v. City of Hammond, XXXX-XXXX (La. App. 1 Cir. 8/10/00), 767 So.2d 882, 884. Accordingly, we find that the trial court was legally correct in concluding that the letter did not serve to interrupt the abandonment period.

Discovery
Plaintiffs next argue that the two sets of interrogatories they served on Smith, but failed to serve on Energy, constituted "steps" sufficient to interrupt the abandonment period as to Energy.[2] We disagree.
This particular issue was squarely addressed by the second circuit in Mosley v. Missouri Pacific R. Co., 36,907 (La. App. 2 Cir. 3/5/03), 839 So.2d 1218, writ denied, XXXX-XXXX (La. 5130/03), 845 So.2d 1055.[3] Therein, the court concluded that for interrogatories to amount to a "step" and effect notice on parties to whom the interrogatories are not directed, Article 561B requires that such parties be served with notice of those interrogatories. Accordingly, the court affirmed a trial court judgment dismissing, as abandoned, a plaintiffs suit against a particular defendant when the plaintiff had failed to serve that defendant with discovery directed to other parties. Mosley, 839 So.2d at 1221-1222.
We agree that the second circuit's conclusion is compelled by the controlling legislation. Pursuant to La. Code Civ. P. art. 1474B, interrogatories and answers thereto are required to be served upon other counsel or parties. More importantly, Article 561B expressly provides as follows:
Any formal discovery as authorized by this Code and served on all parties whether or not filed of record, including the taking of a deposition with or without formal notice, shall be deemed to be a step in the prosecution or defense of an action. (Emphasis added.)
Thus, the exception to the formal record action requirement, found in Article 561B, only applies to formal discovery that is authorized by the Code and served on all parties. Paternostro v. Falgoust, 2003-2214 (La. App. 1 Cir. 9/17/04) 897 So.2d 19, 23, writ denied, 2004-2524 (La. 12/17/04), 888 So.2d 870. Such service may be effected by mail. La. Code Civ. P. arts. 1474A, 1313. To comport with Article 561, it is necessary that the discovery be mailed to all the parties to the action. Benjamin-Jenkins, 781 So.2d at 895; see Clark v. City of Hammond, 767 So.2d at 884. This requirement of service is in keeping with the concept of notice. "The rule requiring a party's action to be on the record is designed to protect a defendant. The rule is intended to ensure notice to the defendant of actions taken that interrupt abandonment." Clark v. State Farm, 785 So.2d at 790. Otherwise, actions interrupting abandonment could occur without opposing parties formally learning of them for months or years, to their possible prejudice. Paternostro, 897 So.2d at 23.
Plaintiffs herein did not serve Energy with the discovery directed to Smith as required by Article 561B, nor did they file their discovery requests into the record of the suit. Notwithstanding these facts, Plaintiffs have raised, for the first time on appeal, an argument speculating that Energy may have been served with Smith's answers to their interrogatories, thus calling into question the propriety of Energy's affidavit submitted in support of its motion to dismiss. We find Plaintiffs' attack on Energy's affidavit to be specious, if not irrelevant. As previously noted, the Plaintiffs bore the burden of presenting evidence for the record sufficient to set aside the trial court's dismissal; however, Plaintiffs failed to present any evidence that Energy was served with either discovery requests or responses during the three-year abandonment period. Therefore, we agree with the trial court's conclusion that Plaintiffs failed to establish that their actions qualified as "steps" sufficient to interrupt the abandonment period.

Period for Abandonment
Finally, in their brief, Plaintiffs allude to Hurricanes Katrina and Rita and the resulting suspension in legal delays that occurred. Subsequent to the district court judgment denying Plaintiffs' motion to set aside the judgment of dismissal, Article 561 was amended by 2007 La. Acts No. 361, § 1, effective July 9, 2007, to add subsection A(2), which provides in part:
If a party whose action is declared or claimed to be abandoned proves that the failure to take a step in the prosecution or defense in the trial court or the failure to take any step in the prosecution or disposition of an appeal was caused by or was a direct result of Hurricane Katrina or Rita, an action originally initiated by the filing of a pleading prior to August 26, 2005, which has not previously been abandoned in accordance with the provisions of Subparagraph (1) of this Paragraph, is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of five years....
It is unnecessary for this court to address the retroactive application of the amendment to Article 561A(2) because, in the instant matter, Plaintiffs' position consistently has been that they did take "steps" toward the prosecution of this litigation, having mailed two sets of interrogatories to Smith. However, those "steps" were insufficient to interrupt the abandonment period as against Energy. 
CONCLUSION
For the foregoing reasons, the judgment of the trial court is affirmed. Plaintiffs are assessed with all costs of this appeal.
AFFIRMED.
NOTES
[1] Article 561 was amended by 2007 La. Acts No. 361, §1 (eff. 07/09/07).
[2] Plaintiffs cite Delta Development Co., Inc. v. Jurgens, 456 So.2d 145 (La. 1984), in support of their contention that service of discovery on one party interrupts abandonment as to other parties as well. However, we find Delta Development is distinguishable from the instant matter. The defendants in Delta Development, who were unserved, nevertheless received notice of plaintiffs efforts to prosecute the action because the discovery interrogatories were formally filed in the suit record. Such "formal action" was not taken in this suit; the interrogatories were not filed in the record. Furthermore, Delta Development must also be considered in light of the subsequent enactment of La. Code Civ. P. art. 561B by 1997 La. Acts No. 1221, §1 (eff. 07/01/98), which expressly states that formal discovery `'whether or not filed of record" must be "served on all parties." Mosley v. Missouri Pacific R. Co., 36,907 (La. App. 2 Cir. 3/5/03), 839 So.2d 1218, 1221, writ denied, XXXX-XXXX (La. 5/30/03), 845 So.2d 1055.
[3] See also Paternostro v. Falgoust, 2003-2214 (La. App. 1 Cir. 9/17/04), 897 So.2d 19, 23, writ denied, 2004-2524 (La. 12/17/04), 888 So.2d 870 (holding "that in order for request for production of documents to a nonparty to be considered a step in the prosecution of a case, it must be served on all parties.")