LFOGG, J.
Plaintiff, Doris Wilson, appeals a judgment of the district court dismissing her action as abandoned pursuant to' LSA-C.C.P. art. 561. We vacate and remand.
On July 16, 1991, plaintiff brought this medical malpractice action against Dr. Lawrence Koenig, Baton Rouge General Medical Center, Louisiana Emergency and Trauma Specialists, Inc.[1] and ABC Insurance Company, defendants’ unknown insurer. On March 3, 1995, summary judgment was entered in favor of Louisiana Emergency. No other entries appear in the court record until February 10, 1999, when a case management schedule signed by counsel for plaintiff and Baton Rouge General was filed by the court. Thereafter, Baton Rouge General filed a motion to dismiss on the ground of abandonment, which the trial court granted. Plaintiff now appeals, asserting the trial court erred by granting the motion to dismiss. For the reasons below, we agree.
LSA-C.C.P. art. 561, governing abandonment, provides, in pertinent part:
A. (1) An action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years ....
(2) This provision shall be operative without formal order, but, on ex parte motion of any party or other interested person by affidavit which provides that no step has been taken for a period of three years in the prosecution or defense of the action, the trial court shall enter a formal order of dismissal as of the date of its abandonment. The order shall be served on the plaintiff pursuant to Article 1313 or 1314, and the plaintiff shall have thirty days from date of service to move to set aside the dismissal. However, the trial court may direct that a contradictory hearing be held prior to dismissal.
This provision was amended by Acts 1997, No. 1221, § 1. Section 2 of the Act specifically provided that the amendment “shall | ^become effective on July 1,1998 and shall apply to all pending actions.”
In addition to reducing the time period for abandonment from five years to three years, the amendment added the procedural requirement that an ex parte motion for. dismissal be supported by an affidavit stating that no step has been taken for a period of three years in the prosecution or defense of the action. Herein, Baton Rouge General filed no such affidavit. Therefore, we must conclude that the trial court’s grant of defendants’ ex parte motion for dismissal was improper.
For the foregoing reasons, the judgment of dismissal is vacated and set aside, and the matter is remanded to the trial court for further proceedings consistent with this opinion. Costs of this appeal are assessed to appellee, Baton Rouge General Medical Center.
VACATED AND REMANDED.

. This defendant was incorrectly identified in the petition as Louisiana Emergency Trauma Physicians.