767 So.2d 882 (2000)
Ceola Wells CLARK
v.
CITY OF HAMMOND, et al.
No. 00 CW 0673.
Court of Appeal of Louisiana, First Circuit.
August 10, 2000.
Donna Bramlett Wood, Douglas K. Williams, Thomas R. Temple, Jr., Baton Rouge, Counsel for Relator The City of Hammond.
Jana S. Moody, Gordon W. Matheny, Hammond, Counsel for Respondent Ceola Wells Clark.
Before: GONZALES, FOGG, and WEIMER, JJ.
PER CURIAM.
Plaintiff, Ceola Wells Clark, instituted this suit in June of 1993, seeking damages for injuries allegedly sustained when she drove her car into a manhole. The City of Hammond, relator herein, answered the petition in July of 1993.
*883 On February 23, 1999, relator filed a Motion and Order for Abandonment of Action, claiming that no step in the prosecution had been taken during the prior three years. Attached to that motion was a February 23, 1999, "Certificate of Clerk" stating that "the last step taken in the prosecution of this action was a Scheduling Order executed by the Honorable Wayne Ray Chutz on November 6, 1995." The trial court entered an order dismissing the plaintiff's action as abandoned.
Thereafter, the plaintiff filed a motion to set aside the dismissal. On July 26, 1999, the trial court signed an Order setting aside the earlier order of dismissal. Though it is not clear from the record presented to this court, it appears the trial court rescinded its July 26, 1999 Order and set the matter for a contradictory hearing. At the conclusion of the contradictory hearing held February 28, 2000, the trial court granted the motion to set aside the dismissal filed by the plaintiff. Relator, City of Hammond, seeks supervisory review of that decision.
La.Code Civ. P. art. 561 was amended to reduce the time period for abandonment from five years to three years by 1997 La. Acts No. 1221, § 1. La.Code Civ. P. art. 561 now provides in pertinent part:
A. (1) An action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years...
(2) This provision shall be operative without formal order, but, on ex parte motion of any party or other interested person by affidavit which provides that no step has been taken for a period of three years in the prosecution or defense of the action, the trial court shall enter a formal order of dismissal as of the date of its abandonment. The order shall be served on the plaintiff pursuant to Article 1313 or 1314, and the plaintiff shall have thirty days from date of service to move to set aside the dismissal. However, the trial court may direct that a contradictory hearing be held prior to dismissal.
B. Any formal discovery as authorized by this Code and served on all parties whether or not filed of record, including the taking of a deposition with or without formal notice, shall be deemed to be a step in the prosecution or defense of an action.
The amendment to art. 561 was approved by the governor on July 15, 1997; and, by its specific language, Act 1221 did not become effective until July 1, 1998, and applied to all pending actions. 1997 La. Acts No. 1221, § 2.
Relator includes in its writ application a copy of its "Motion and Order for Abandonment of Action." The motion does not include the required affidavit. The unnotarized "Certificate of Clerk," while of evidentiary value, does not satisfy the requirement that an ex parte motion be accompanied by an affidavit. In Wilson v. Koenig, 99-2979 (La.App. 1st Cir. 3/31/00), 2000 WL 340905, this court concluded that the trial court's grant of the defendant's ex parte motion to dismiss was improper because the defendant had not filed the required affidavit. As in Wilson, it was error for the trial court to grant an ex parte motion to dismiss without the statutorily mandated affidavit.
However, under the circumstances presented herein, the lack of an affidavit is not fatal to relator's motion. La.Code Civ. P. art. 561(A)(2) provides that a plaintiff has thirty days from the date of service to move to set aside the ex parte dismissal. It also provides that a trial court may hold a contradictory hearing prior to dismissing an action as abandoned. As a contradictory hearing was ultimately held in this case, the lack of an affidavit is not fatal to relator's motion to dismiss. During that hearing, both sides were afforded the opportunity to present evidence and argument.[1] Moreover, the trial court properly *884 could take judicial notice of its own proceedings and the suit record. See Lee v. East Baton Rouge Parish School Bd., 623 So.2d 150, 157 (La.App. 1st Cir.1993).
The plaintiff argued that the abandonment period had been interrupted by her forwarding medical authorizations and requests for medical records to her health care providers on August 12, 1996, and again on August 26, 1996. These requests for information were not made part of the record, nor were they served upon relator. La.Code Civ. P. art. 1474(C)(4) provides that: "The serving of any discovery materials pursuant to the provisions of this Article shall be considered a step in the prosecution or defense of an action for purposes of Article 561, notwithstanding that such discovery materials are not filed in the record of the proceedings." (Emphasis added)
The plaintiff correctly observes that, "[t]he law favors, and justice requires, that an action be maintained whenever possible so that the aggrieved party has his day in court to which he is entitled. Article 561 is to be liberally interpreted, and any action or step taken to move the case toward judgment should be considered. Article 561 was not intended to dismiss those cases in which a plaintiff has clearly demonstrated before the court during the prescribed period that he does not intend to abandon the action." (Citations omitted) Jones v. Phelps, 95-0607 (La.App. 1st Cir. 11/9/95), 665 So.2d 30, 34, writ denied, 95-2907 (La.2/2/96), 666 So.2d 1104. The article is not designed to dismiss actions on technicalities, but to dismiss actions that in fact have been abandoned. American Eagle, Inc. v. Employers' Liability Assur. Corp., Ltd., 389 So.2d 1339, 1342 (La.App. 1st Cir. 1980), writs denied, 396 So.2d 885, 296 So.2d 886 (La.1981). While the plaintiff herein may not have intended to abandon her action, the intention to take a step in the prosecution of her claim without a step actually being taken is insufficient. Jones v. Phelps, 95-0607 (La.App. 1st Cir. 11/9/95), 665 So.2d 30, 34, writ denied, 95-2907 (La.2/2/96), 666 So.2d 1104.
The letters were not "served on all parties" and therefore do not qualify as a step in the prosecution of this action. La.Code Civ. P. art. 561(B). Therefore, the ruling of the trial court granting the plaintiff's motion to set aside the judgment of dismissal based on abandonment hereby is reversed, and judgment is entered in relator's favor, dismissing the plaintiff's suit as abandoned.
WRIT GRANTED.
NOTES
[1] Although counsel representing both sides of this controversy gave argument at the hearing, argument by counsel does not constitute evidence. See Maxie v. McCormick, 95-1105 (La.App. 1st Cir. 2/23/96), 669 So.2d 562, 566.