HIGGINBOTHAM, J.
l.gThe trial court dismissed the plaintiffs’ lawsuit as abandoned due to the failure of the parties to take any step in the lawsuit’s prosecution or defense for over three years. For the following reasons, we amend the trial court’s judgment to reflect that the plaintiffs’ lawsuit is dismissed “without prejudice,”, and as amended, we affirm.[1]
BACKGROUND
The plaintiffs are the children of decedent, Sadie Lewis, who died prior to the filing of this lawsuit, allegedly due to medical conditions/injuries, including lung cancer, caused by a long-term addiction to cigarettes.[2] The plaintiffs sought survival and wrongful death damages from the defendants, who had allegedly manufactured, promoted, distributed, and sold cigarettes to them deceased mother, beginning when she was a minor child.[3]
The plaintiffs filed-this lawsuit on July 19, 2000. The lawsuit was removed to federal district court shortly thereafter, but approximately one year later it was remanded back to the Eighteenth Judicial District Court. Following remand, the | ¿various defendants began to file answers to the plaintiffs’ petition and conduct limited written discovery. On September 11, 2003, counsel for defendant, R.J. Reynolds Tobacco Co. (R.J. Reynolds), sent a letter to the plaintiffs’ counsel with enclosed medical release forms for execution by the plaintiffs as part of the discovery process.
Following the medical release request letter, defendants assert that there was no further activity of record or exchange between any parties’ counsel until the plaintiffs filed a motion to set a status conference on January 10, 2011. However our examination of the record reveals that the Clerk- of Court’s case history ledger indicates that the plaintiffs filed a ■ written request for admission of facts on August 16, 2007. That request for admission discovery pleading is not actually contained in the record on appeal and the case history ledger does not- indicate whether the re *683 quest for admission was served on all of the parties. The record also contains a change of address notice filed on August 16, 2007, by counsel for the plaintiffs, and then nothing else appears in the record until the plaintiffs’ motion for status conference filed three-and-a-half years later on January 10,2011.
In February 2011, the defendants jointly and separately filed motions to dismiss the plaintiffs’ lawsuit for abandonment, pursuant to La. Code Civ. P. art. 561. Additionally, the defendants objected to the trial court’s setting of a status conference in a case that had been abandoned.[4] The trial court granted the defendants’ motions ex parte, and dismissed the plaintiffs’ lawsuit as abandoned.[5] The plaintiffs timely moved to set aside the dismissal, contending that the trial [ r,court erred when it dismissed the case for abandonment because of activity taken in a separate lawsuit, a class action entitled Scott v. American Tobacco Co., Inc., that was filed in the Orleans Parish Civil District Court, Civil Docket Number 1996-8461 (hereafter referred ' to as “Scott ”). The defendants filed oppositions to the plaintiffs’ motion to set aside the dismissals, and the parties argued the merits of the plaintiffs’ motion on September 8, 2011. At the conclusion of the hearing, the trial court denied the plaintiffs’ motion and signed a judgment to that effect on October 26,2011. The plaintiffs appealed, arguing that the ongoing activity in the Scott class action lawsuit prevented abandonment in this case; and therefore, the trial court erred in dismissing the plaintiffs’ lawsuit.
STANDARD OF REVIEW
Whether a step in the prosecution of a ease has been taken in the trial court for a period of three years is a question of fact subject to a manifest error analysis on appeal. Hutchison v. Seariver Maritime, Inc., 2009-0410 (La.App. 1st Cir.9/11/09), 22 So.3d 989, 992, unit denied, 2009-2216 (La.12/18/09), 23 So.3d 946. However, a determination as to whether a case has been abandoned concerns a question of law that is reviewed by simply determining whether the trial court’s interpretive decision was legally correct. Id. An appellate court owes no deference to the legal conclusions of the trial court. Jackson v. Mooch, 2008-1111 (La.App. 1st Cir.12/23/08), 4 So.3d 840, 843.
DISCUSSION
Abandonment of an action is governed by La. Code Civ. P. art.’ 561, which provides, in pertinent part:
A. (1) An action ... is abandoned when the parties fail to take any step in its prosecution or defense in the-trial court for a period of three years ...
* * #
(3) This provision shall be operative without formal order, but, on ex parte motion of any party or other interested person by affidavit which provides that no step has been timely taken in the prosecution |fior defense of the action, the trial court shall enter a *684 formal order of dismissal as of the date of its abandonment ....
B. Any formal discovery as authorized by this Code and served on all parties whether or not filed of record, including the taking of a deposition with or without formal notice, shall be deemed to be a step in the prosecution or defense of an action.
(Emphasis added.)
Louisiana Code of Civil Procedure article 561 has been' construed as imposing three requirements to avoid an abatement of plaintiffs’ action. Clark v. State Farm Mut. Auto. Ins. Co., 2000-3010 (La.5/15/01), 785 So.2d 779, 784. First, a party must take some “step” in the prosecution or defense of the action. In this context, a “step” is defined as taking formal action before the court which is intended to hasten the suit toward judgment, or the taking of a deposition with or without formal notice. James v. Formosa Plastics Corp. of La., 2001-2056 (La.4/3/02), 813 So.2d 335, 338. Second, the step must be taken in the proceeding and, with the exception of formal discovery, must appear in the record of the suit. Third, the step must be taken within the legislatively prescribed time period of the last step taken by either party; sufficient action by either plaintiff or defendant will be deemed a step. Clark, 785 So.2d at 784.
The jurisprudence has recognized two categories of causes outside the record that are permitted to prevent.the running of abandonment: (1) a plaintiff-oriented exception, based on contra non valentem, that applies when failure to prosecute is caused by circumstances beyond the plañir tiffs control; and (2) a defense-oriented exception, based on acknowledgment, that applies when the defendant waives his right to assert abandonment by taking actions inconsistent with an intent to treat the case as abandoned. Clark, 785 So.2d at 784-785. Further, the jurisprudence has uniformly held that La. Code Civ. P. art. 561 is to be liberally construed in favor of maintaining a plaintiffs suit. Paternostro v. Falgoust, 2003-2214 (La.App. 1st Cir.9/17/04), 897 So.2d 19, 21, writ denied, 2004-2524 (La.12/17/04), 888 So.2d 870. Abandonment is not meant to dismiss actions on mere technicalities, but to dismiss actions which in fact clearly have been abandoned. Id.
In this case, the record reveals that no party to this lawsuit took, a step in the prosecution or defense of the action between August 16, 2007 and, January 10, 2011, a period of more, than three years.[6] The plaintiffs do not dispute this fact. At the hearing on the plaintiffs’ motion to set aside the dismissal, the plaintiffs made no attempt to. demonstrate that any formal discovery that may not have been included in the record had been exchanged between the parties during the .dormant time period. Likewise, the plaintiffs did not seek to establish that their inaction arose from *685 circumstances that were beyond their control, ie., contra non valentón, or that the defendants waived their rights to assert abandonment by taking actions inconsistent with their intent to treat this action as abandoned.
The plaintiffs argue that because their deceased mother met the definition of a class member in the Scott class action, the ongoing activity in Scott during the three-year period of inactivity in this lawsuit shows that the plaintiffs had no intent to abandon their lawsuit.[7] Thus, the plaintiffs claim that the activity in the Scott class action prevented abandonment in this case. Contrarily, the defendants [ ^contend that the plaintiffs’ deceased mother was not, and could not have been, a class member in the Scott class action, because.the Scott class was defined to include those who would participate in a smoking-cessation program, which the plaintiffs’ mother could not participate in due to her death, and further, the Scott class action specifically' excluded claims for compensatory damages.- Thus, according to the defendants, since the plaintiffs’- sole form of relief sought in.this lawsuit is damages, they are not and never could be members of the Scott class action. The defendants also point out that not all of the defendants in this particular lawsuit remained parties throughout the Scott litigation.-
The plaintiffs are attempting to carve out an additional jurisprudential exception in order to avoid a finding of abandonment of their action, but we reject their argument. This lawsuit is a separate action from the Scott class action. Neither the plaintiffs nor their • deceased mother were named class members in the Scott class action. This separate lawsuit filed by the plaintiffs was never consolidated with the Scott class action. The' activity in the separate and discrete* Scott class action cannot be imputed to or imported into the plaintiffs’ lawsuit in order to prevent abandonment. Thus, the steps taken in the prosecution or defense of the Scott class action did not serve to prevent the abandonment of the plaintiffs’ lawsuit in this case, which was abandoned by operation of law due to the extended period of over three years of inactivity. Accord Hunter v. R.J. Reynolds Tobacco Co., 2011-1433 (La.App. 4th Cir.4/11/12), 89 So.3d 1256.
Consequently, we find no reversible error on the part of the trial court when it ordered dismissal of the plaintiffs’ lawsuit and denied the plaintiffs’ motion to set aside the dismissal, except that the dismissal should have been ordered to be without prejudice. We specifically hold that any activity or steps taken in the separate and distinct Scott class action against tobacco companies in a different district court was not a step by the parties in the plaintiffs’ separate action against |8the tobacco companies in the trial court for alleged-damages arising out of their deceased- mother’s lifelong tobacco use, and cannot preclude dismissal of the plaintiffs’ present lawsuit on the basis of abandonment.
CONCLUSION
Based on our discussion, we find no error in the trial court’s granting of the *686 defendants’ motions to dismiss the plaintiffs’ lawsuit as abandoned and denial of the plaintiffs’ motion to set aside the dismissal. However, the trial court should have made the dismissal of plaintiffs’ lawsuit be “without prejudice.” Therefore, we amend the trial court’s judgment of dismissal to reflect that the dismissal is without prejudice. In air other respects, we affirm. All costs of this appeal are to be paid by plaintiffs-appellants, Alice Dimm, Lynn Lewis, Arminthe Brigalia, Peggy Wunstell, Cheryl Crochet, Loretta Lewis, and Sadie Hood.
JUDGMENT OF DISMISSAL AMENDED AND, AS AMENDED, AFFIRMED.

.The trial court did not specify.whether the dismissal was with or without prejudice. Nevertheless, we note that a dismissal on the ' grounds of abandonment may only be made without prejudice. See Jackson v. Moock, 2008-1111 (La.App. 1st Cir. 12/23/08), 4 So.3d 840, 846; St. Tammany Parish Sewerage Dist. No. 7 v. Monjure, 95-0937 (La.App. 1st Cir.12/15/95), 665 So.2d 801, 802. Therefore, pursuant -to our authority under La. Code Civ. P. art. 2164, the trial court’s judgment of dismissal is hereby amended to read "without prejudice,” which means it' is as if the suit had.never been filed. See Liner v. Ippolito, 2008-0208 (La.App. 4th Cir.8/20/08), 991 So.2d 1150, 1152, n. 1, writ denied, 2008-2288 (La. 1/9/09), 998 So.2d 727. However, we express no opinion as to the effect on prescription such a distinction would have on any subsequently filed lawsuit, because it would be. inappropriate for us to render an advisory opinion with respect-to such a controversy. See Church Point Wholesale Beverage Co., Inc. v. Tarver, 614 So.2d 697, 702 (La.1993).

. The individual plaintiffs are: Alice Dimm, Lynn Lewis, Arminthe Brigalia, Peggy Wuns-tell, Cheryl Crochet, Loretta Lewis, and Sadie Hood. In this opinion, we will refer to the plaintiffs collectively.

. The original individually named defendants are: R.J. Reynolds Tobacco Co.; Nabisco, Inc.; Brown & Williamson Tobacco Corp.; Batus, Inc., Batus Holdings, Inc.; The American Tobacco Company, Inc,; American Brands, Inc.; Philip Morris, Inc.; Philip Morris Companies, Inc.; Liggétt Group, Inc.; Quaglino Tobacco and Candy Co., Inc.; Imperial Trading Co., Inc,; and George W. Groetsch, Inc. For simplicity, we will refer to the defendants collectively throughout most of this opinion.

. The defendant, Liggett Group, L.L.C., independently filed a motion to dismiss for abandonment. The defendants, R.J. Reynolds, Brown & Williamson Tobacco Corp., individually and as successor by merger to The American Tobacco Co., Quaglino Tobacco and Candy Co., Inc., Imperial Trading Co., Inc., and George W. Groetsch, Inc., filed a joint motion to dismiss for abandonment. All other defendants had been previously dismissed from the lawsuit and are not at issue in this .appeal.

. The trial court signed one order of dismissal regarding the abandonment issue on February 16, 2011.

. While the parties indicate that the last step taken before the plaintiffs moved to set a status conference occurred on September 11, 2003, in a letter exchanged between the parties' counsel concerning formal discovery, the record reveals that further formal discovery may have occurred on August 16, 2007, (if served on all parties) when the plaintiffs filed a request for admission of fact. We note that the notice of a change of address on August 16, 2007, does not constitute a step under the jurisprudence. Murray v. Brown, 2012-2149 (La. 12/14/12), 102 So.3d 111, 778 n. 1. Nevertheless," whether we "accept the parties' assertion that the last step was ori September 11, 2003, or We consider the formal discovery on Augüst 16, 2007, to be the last step taken in this lawsuit," both time periods of inactivity clearly exceed three years.

. See Scott v. American Tobacco Co., Inc., 2004-2095 (La.App. 4th Cir.2/7/07), 949 So.2d 1266, writs denied, 2007-0662, 2007-0654 (La. 1/7/08), 973 So.2d 740, cert. denied, 553 U.S. 1094, 128 S.Ct. 2908, 171 L.Ed.2d 842 (2008) (Scott I); See also Scott v. American Tobacco Co., Inc., 2009-0461 (La.App. 4th Cir.4/23/10), 36 So.3d 1046, writs denied, 2010-1358, 2010-1361 (La.9/3/10), 44 So.3d 686, 707, cert. denied, — U.S.-, 131 S.Ct. 3057, 180 L.Ed.2d 886 (2011) (Scott II). The Scott lawguit was originally filed on May 24, 1996. Scott I, 949 So.2d at 1271. The Scott class was certified in 1997 to include all Louisiana residents who smoked on or before May 24, 1996, and who desired to participate in a monitoring and/or cessation program. Id.