MADELEINE M. LANDRIEU, Judge.
1 plaintiffs, who are the heirs of Mrs. Alma Bell Payton, appeal the trial court’s order dismissing their action as abandoned. For the following reasons, we vacate the order of dismissal and remand the matter to the trial court for a hearing on the issue of abandonment.
FACTS AND PROCEEDINGS BELOW
On January 31, 1997, the plaintiffs filed this action against Lake Lawn Park, Inc. and Lawyer’s Title of Louisiana, Inc. seeking damages for negligence and breach of contract.[1] The plaintiffs alleged that when Mrs. Payton’s property located on Robert Street in New Orleans was sold after her death, Lawyer’s Title failed to disburse to Lake Lawn an amount of the sale proceeds designated as payment for the decedent’s burial plot.[2] As a result, Lake Lawn, allegedly without notice to the plaintiffs, moved the decedent’s body to a burial ground designated for indigents. After some discussion, Lake Lawn at its own cost relocated the body |gto its original burial place. The plaintiffs’ claims against Lake Lawn were dismissed on January 18, 2005, and several months later, on May 26, 2005, the trial court granted partial summary judgment to Lake Lawn on its re-conventional demand seeking amounts allegedly owed to it under the contract to purchase the original burial place, as well as collection of its fees, attorney’s fees and interest. The plaintiffs obtained an order of appeal from the partial summary judgment on June 26, 2005.[3] Approximately one year later, on June 5, 2006, this court dismissed the appeal for failure to pay costs.
Eight years later, on February 27, 2014, Lawyer’s Title filed in the district court an ex parte motion to dismiss the action as abandoned with an accompanying Order. The district court signed the order of dismissal on March 6, 2014.[4] On May 2, 2014, the plaintiffs filed a motion to set aside the order. Before this motion was set for hearing, however, the plaintiffs on May 22, 2014, filed a motion for devolutive appeal *811 of the order of dismissal. The district court issued an order of appeal,
ISSUES
On appeal, the plaintiffs contend the district court erred by dismissing the action for two reasons:
(1) The defendant’s ex parte motion was not accompanied by an affidavit as is required by Louisiana Code of Civil Procedure Article 561; and
1(2) The time period required for abandonment was twice interrupted by service of supplemental discovery on counsel for Lawyer’s Title.[5]
DISCUSSION
We first note that this appeal was timely filed, Louisiana Code of Civil Procedure Article 561A (5) provides that a motion for appeal of an order of dismissal for abandonment must be filed within sixty days of the sheriffs service of the order. Here, the plaintiffs assert that they were served with the order on March 24, 2014. Their motion for appeal was filed on May 22, 2014,[6]
The plaintiffs first contend that the order of dismissal was improperly signed because the motion to dismiss for abandonment was not accompanied by an affidavit as required by Article 561. Article 561 provides, in pertinent part: ■
A. (1) An action ... is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years....
¾⅞ tfc
(3) This provision shall be operative without formal order, but; on ex parte motion of any party or other interested person by affidavit which provides that no step ha's been timely taken in the prosecution or defense of the action, the trial court shall enter a formal order of dismissal as of the date of its abandonment. .
La. C.C.P. art. 561 (emphasis added).
The record reflects, and Lawyer’s Title does not .dispute, that its motion to dismiss lacked an affidavit. Lawyer’s Title argues, however,, that -the absence of an Laffidavit is merely a procedural deficiency that does not invalidate the order of dismissal because the action was abandoned by operation of law in 2008.
The First and the- Fifth Circuits have interpreted the meaning of Article 561 A(3) in connection with the same argument made by Lawyer’s Title here. In Wilson v. Koenig, 99-2279 (La.App. 1 Cir. 3/31/00), 764 So.2d 1025, the First Circuit held that the trial court had improperly granted an ex parte motion to dismiss for abandonment because the mover had failed to include the statutorily required affidavit. The appellate court' reasoned that the language relating to- the affidavit had been specifically added by the legislature when it amended Article 561 to shorten the abandonment period from five to three years. Id., p. 3, 764 So.2d at 1026. Approximately five months later, the First *812 Circuit in another case, Clark v. City of Hammond, 2000-0673 (La.App. 1 Cir. 8/10/00), 767 So.2d 882, held that the lack of an affidavit was not fatal to the defendant’s motion to dismiss for abandonment because a contradictory hearing had taken place in the trial court. Distinguishing Wilson, in which there had not been a hearing, the Clark court found that because both side's had the opportunity to present evidence on the issue of abandonment at the hearing, the need for an affidavit was obviated. Id., p. 3, 767 So.2d at 883. The Fifth Circuit relied upon similar reasoning to reach the same Result in Lion InvestBanc Corp. v. River Products, Inc., 2002-0481 to 20020483 (La.App. 6 Cir.10/29/02), 831 So.2d 500, writ denied, 2002-2905 (La.3/14/03), 839 So.2d 36. In that case, the Fifth Circuit stated:
In this ease, the trial judge issued the orders of dismissal based on the remaining Defendants’ motions that- failed to include affidavits. Lion responded with a motion to vacate the orders based on the failure Uof the remaining Defendants’ to include the. affidavits and/or because payments by River Products interrupted the time period. The trial judge ordered a hearing and the remaining Defendants subsequently filed the affidavits. .A contradictory hearing was held in which Lion had an opportunity to show that it had no intent to abandon the cases and that the cases were not abandoned because the time was interrupted. The trial judge denied the motion to vacate after hearing the evidence. Because Lion was given the opportunity to oppose the abandonment, and because the statute is self-activating, we find that the remaining Defendants’ failure to attach the affidavits with the motions did' not mandate that the trial judge vacate the orders of dismissal.
Id., pp. 4-5, 831 So.2d at 502.
In the case before us, there was no contradictory hearing in the trial court. Thus, in light of the jurisprudence cited above, we conclude that the trial court erred by signing the order of dismissal in the absence of the statutorily required affidavit. We therefore vacate the order of dismissal and remand the matter to the trial court for a contradictory hearing on the issue of abandonment. . >
In view of this disposition, we pretermit consideration of the remaining issue raised by the plaintiffs.
VACATED AND REMANDED

. Two other named defendants, Charlotte Bourg and Shirley Kirkes, are not pertinent to this appeal.

. Lawyer’s Title allegedly had agreed to disburse the proceeds of the sale to pay Mrs. Payton’s debts, including the balance owed to Lake Lawn for Mrs. Payton’s crypt.

. The trial court had designated the partial summary judgment as final pursuant to La. C.C.P. art. 1915 B(1).

. The record does not contain proof that this order was served on the plaintiffs. The plaintiffs assert in their appellant brief, however, that they received service on March 24, 2014.

. After the order of dismissal was rendered but prior to filing their motion for appeal of the order, the plaintiffs filed a “Note of Evidence” into the record containing evidence of the formal discovery that they contend interrupted the time period for abandonment on July 23, 2010 and again on June 14, 2013. Because this evidence was not before the trial court when it signed the order, we cannot consider it on appeal.

. The record does not reflect service of the order of dismissal. However, the absence of .proof of service from the- record does not affect the timeliness of the appeal because if the plaintiffs were not served, the time period for taking the appeal would have never started.