HOLDRIDGE, J.,
dissents.
|J respectfully dissent in this matter and would reverse the judgment of the district court sustaining the exception of lack of subject matter jurisdiction and remand this for further proceedings.
“Jurisdiction over the subject matter is the legal power and authority of a court to hear and determine a particular class of actions or proceedings, based upon the object of the demand, the amount in dispute, or the value of the right asserted.” La. C.C.P. art. 2. The subject matter jurisdiction of district courts is set forth by La. Const, art. V, § 16(A)(1) as follows:
Except as otherwise authorized by this constitution or except as heretofore or hereafter provided by law for administrative agency determinations in worker’s compensation matters, a dis-triet court shall have original jurisdiction of all civil and criminal matters,
(emphasis added.)
Thus, while district courts generally have original jurisdiction over all civil matters, an exception exists in the case of worker’s compensation matters when the law so provides. Taylor v. Hanson North America, 2008-2282 (La. App. 1 Cir. 8/4/09), 21 So.3d 963, 967. The jurisdiction granted by law to OWC judges is set forth in La. R.S. 23:1310.3(E).
The Louisiana Supreme Court has made it clear that the grant of jurisdiction in La. R.S. 23:1310.3(E) is quite specific and provides for Office .of Workers’ Compensation jurisdiction only for “claims or disputes arising out of’ the Workers’ Compensation Act. Broussard Physical Therapy v. Family Dollar Stores, Inc., 2008-1013 (La. 12/2/08), 5 So.3d 812, 817. Moreover, exceptions to the | ¡.general rule that district courts are vested with original jurisdiction in civil matters must be narrowly construed. TIG Insurance Company v. Louisiana Workers’ Compensation Corp., 04-2608 (La. App. 1 Cir. 6/10/05), 917 So.2d 26, writ denied, 2005-1821 (La. 1/27/06), 922 So.2d 553.
As the majority correctly notes, under the Workers’ Compensation Act, employers are responsible for compensation benefits to. employees only when the injury results from an accident “arising out of and in the course of his employment.” La. R.S. 23:1031; McLin v. Industrial Specialty Contractors, Inc., 2002-1539 (La. 7/2/03), 851 So.2d 1135, 1139. Since Nezi had the burden of proof on the exception of lack of *314 subject matter jurisdiction, it had the burden of proving that the. injury to the plaintiff arose out of and was in the course of her employment. Otherwise, the district court has subject matter jurisdiction.
The burden of proof is on Nezi to prove the. exception of lack of subject matter jurisdiction, not on the plaintiff to prove that the worker’s compensation court does not have jurisdiction. When a district court decides a jurisdictional issue without a contradictory hearing, the burden on the non-moving party is relatively slight and the allegations of the petition and all reasonable inferences from the record are to be drawn in favor of the non-moving party. See, e.g., de Reyes v. Marine Management and Consulting Ltd., 586 So.2d 103, 109 (La. 1991); Ruppert v. George Kellett & Sons, Inc., 08-182 (La. App. 5 Cir. 9/30/08), 996 So.2d 501, 507. If the well-founded allegations of the petition are subject to more than one interpretation or do not clearly show the mover is entitled to a judgment, all reasonable inferences must bé made in favor of the plaintiff and the' exception must be denied. Any defenses, raised by exception or motion, other than the exception of no cause of action and motion for summary judgment, must be proven by evidence introduced at a hearing, unless the allegations of the petition | soverwhelmingly prove the moving party is entitled to a judgment in its favor. Otherwisé, the moving party must introduce appropriate evidence, whether testimonial or documentary, át a hearing where the’ trial court performs its function of weighing the evidence, making credibility detér-minations and'making factual findings. See Lexington Ins. Co. v. Tasch, Inc., 12-339 (La. App. 5 Cir. 11/27/12), 105 So.3d 950, 955.
After reviewing the allegations of the petition, Nezi, did not meet its burden of proving that Ms. Beasley’s accident arose out of and in the course of her employment. While. Ms. Beasley was at her place of employment when she fell, she, was not there during her working hours and she slipped and fell in a puddle “in the walking area that [led] to the ice machine.” Nezi did not prove that Ms. Beasley was required to be at Subway, and it also did not prove that the accident happened in an area only for employees. Therefore, it did not prove that Ms. Beasley was engaged in the performance of work duties during work- hours. Ms. Beasley alleged that her activity in bringing ice to Subway and trying to fix the ice machine was gratuitous; that she was not required to go to Subway to bring ice and try to repair the ice machine; that she was not paid for her time there; and that she was not subject to the control of her employer. Nezi introduced no evidence whatsoever to contradict these assertions. Therefore, all reasonable inferences must be made in favor of the plaintiff to maintain subject matter jurisdiction with the district court. Furthermore, Nezi also did not prove that Ms. Beasley’s accident arose out of her employment because it did not prove that “the conditions [or] obligations of the employment cause[d] the employee in the course of employment to be at the place of the accident at the time the accident occurred.” See McLin, 851 So.2d at 1142. Since the defendant failed to carry its evi-dentiary burden of | ¿proof at the hearing on the exception, the district court erred in sustaining the exception of lack of subject matter jurisdiction.
In granting the exception of lack of subject matter jurisdiction, the district court issued oral reasons to support its ruling with which it appears the majority has agreed. The district court in its reasons inferred that the water heater that produced the puddle was in the employee area and also inferred that Ms. Beasley as a shift manager was expected to address all *315 issues with the business to make sure it kept going, such as attempting to repair an inoperable ice machine on her day off. However, because Nezi did not offer’ evidence to support its exception, the district court and this court are limited to considering the allegations of the petition, which must be accepted as true. See Morrison v. H.B. Mitchell Const. Co., 369 So.2d 1102, 1103 (La. App. 1 Cir. 1979); These inferences by the district court, while being part of the attorneys’ argument, were not supported by-allegations in the petition, and the district court and this court erred in relying on them to find that Ms. Beasley was in the course and scope of her employment at the time of her accident. See Clark v. City of Hammond, 2000-0673 (La. App. 1 Cir. 8/10/00), 767 So.2d 882, 883 n.1; Morrison, Id.[1]
The two cases cited by the majority are totally irrelevant to the facts of our case. Mitchell v. Industrial Fill Materials, 02-2021 (La. App. 1 Cir. 7/2/03), 859 So.2d 36, 39; Maurice v. Orleans Parish School Board, 295 So.2d 184, 186 (La. App. 4 Cir. 1974). Both cases were decided after full trials on the merits, and in both cases, the plaintiffs were seeking worker’s compensation and the employer-defendants argued that worker’s compensation did not apply. In fact, in the Mitchell case, the worker’s compensation judge granted a directed verdict stating | sthe plaintiff was not in the course and scope of his employment. Yet Mitchell is being relied upon for the proposition that the district court does' not have subject matter jurisdiction based on the allegations in the plaintiffs petition, despite the fact that the worker’s compensation judge in Mitchell after hearing the evidence, found it was clear that the employee was not covered by worker’s compensation. Moreover, in Mitchell this court found that the plaintiff was in the course and scope of his employment partly because if the truck he was inspecting or repairing did not work the next day (when plaintiff was scheduled to work), he could not perform his duties as a dump truck driver and would not be paid; there are no allegations in the present case that Ms. Beasley needed to repair the ice machine to be able to work during her regularly scheduled work hours. Maurice involved a substitute teacher injured while performing unpaid extra work after school hours for a school club; the teacher regularly helped, after school and had obtained permission from the school principal to assist the club. Ms. Beasley’s action in bringing ice to the Subway restaurant and walking toward the ice machine to see if she could fix it was a one-time gratuitous act, according to the allegations in the petition. The majority fails to cite one case where a onetime gratuitous act by an employee entitles that employee to worker’s compensation coverage.
The majority is now holding, based only upon the allegations in the petition, that all employees gratuitously deciding to help a co-employee on their days off are covered by worker’s compensation and that the district court lacks, subject matter jurisdiction to even hear evidence in such a case. The majority errs in finding non-determi: native of the worker’s compensation issue that the fact that Ms. Beasley’s accident occurred when she was not scheduled to work or being paid and that she was not required to take any of the actions she took. The majority is also improperly inferring, as did the district court, that as a manager, Ms. Beasley’s | reactions under *316 these circumstances are employment-related. These inferences are improper on an exception of lack of subject matter jurisdiction and this matter would more properly be determined based upon evidence and testimony, as was true in the cases upon which the majority relies.

. In no way does the denial of the exception of lack of subject matter jurisdiction prevent the defendant from filing an exception of no right of action or a motion for summary judgment wherein proof, either testimonial or documentary, may be introduced to prove that the plaintiff was in the course and scope of her employment.