STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2021 CA 1547

SINIA ROSARIO DURON

VERSUS

STATE OF LOUISIANA, THROUGH THE DEPARTMENT OF
PUBLIC SAFETY AND CORRECTIONS, WESTCO
BREATHALYZER, LLC AND WESTCO SYSTEMS, LLC

Judgment Rendered: **JUN 0 6 2022**

\* \* \* \* \*

On Appeal from the
22nd Judicial District Court
In and for the Parish of St. Tammany
State of Louisiana
Trial Court No. 2016-10612

Honorable Raymond S. Childress, Judge Presiding

\* \* \* \* \*

Cristian P. Silva
Christian Sauce
Harvey, LA

Attorneys for Plaintiff-Appellant,
Sinia Rosario Duron

Tammy Karas Griggs
Covington, LA

Attorney for Defendant-Appellee,
Westco Breathalyzers, LLC (incorrectly
referred to as Westco Breathalyzer,
LLC)

\* \* \* \* \*

BEFORE: WHIPPLE, C.J., PENZATO, AND HESTER, JJ.

**HESTER, J.**

Plaintiff appeals a judgment denying her motion to set aside an order of dismissal on grounds of abandonment pursuant to La. Code Civ. P. art. 561. For the following reasons, we reverse the July 13, 2021 judgment denying plaintiff's motion to vacate and set aside the February 11, 2021 order of dismissal; vacate and set aside the February 11, 2021 order of dismissal; and remand for further proceedings.

## FACTS AND PROCEDURAL HISTORY

On February 12, 2016, plaintiff, Sinia Rosario Duron, filed a "Petition for Damages and Other Equitable Relief" against the State of Louisiana, Westco Systems, LLC,[1] and Westco Breathalyzers, LLC. In her petition, Ms. Duron sought damages connected with Westco Breathalyzers' removal of an ignition interlock device on her vehicle that was ordered to be installed by the State because of her arrest for Operating a Vehicle while Intoxicated, a violation of La. R.S. 14:98. Westco Breathalyzers answered Ms. Duron's suit on April 12, 2016.

The State filed an exception of no right of action which was denied. Thereafter, the State filed an Answer on February 3, 2017, and eventually entered into a settlement agreement with Ms. Duron. A "Consent Judgment" was signed by the trial court on October 23, 2017, making the settlement agreement a judgment of the court, and an order was signed on October 3, 2019, dismissing Ms. Duron's claims against the State and reserving her rights against Westco Breathalyzers.

On October 9, 2019, Ms. Duron filed a "Motion to Set for Trial on the Merits" requesting a trial date from the trial court. Thereafter, Westco Breathalyzers filed a "Motion and Order to Dismiss as Abandoned" under La. Code Civ. P. art. 561, contending that Ms. Duron's discovery requests sent to Westco Breathalyzers on September 9, 2016, were the last step toward prosecution and were more than three

---

[1] Upon joint motion, Westco Systems, LLC was dismissed from the matter by an order signed on April 19, 2016.

years prior to Ms. Duron's October 9, 2019 motion to set a trial. Westco Breathalyzers attached an order requesting that the matter be dismissed or alternatively that it be set for a hearing. The trial court signed the order setting the issue for a status conference. Ms. Duron opposed the motion to dismiss, contending that there were steps in the prosecution after September 9, 2016, and the matter was not abandoned. Ms. Duron attached several documents to her opposition.

After being continued, Westco Breathalyzers' motion to dismiss was set for a hearing on January 22, 2021. Neither Ms. Duron nor her counsel were present for the hearing, and Westco Breathalyzers' motion to dismiss as abandoned was granted without the introduction of evidence or testimony. A judgment was signed in conformance with the ruling on February 11, 2021. In response, Ms. Duron filed a motion for new trial, contending that the trial court's judgment was clearly contrary to the law and evidence.[2] After a hearing consisting of brief argument by counsel for both parties, the trial court denied Ms. Duron's motion for new trial in a judgment signed on July 13, 2021. It is from the July 13, 2021 judgment denying her motion for new trial that Ms. Duron appeals.

## LAW AND ANALYSIS

Abandonment functions to relieve courts and parties of lingering claims by giving effect to the logical inference that a legislatively designated extended period of litigation inactivity establishes the intent to abandon such claims. The presumption of abandonment that arises under La. Code Civ. P. art. 561 as a result of three years

---

[2] Louisiana Code of Civil Procedure article 561 sets forth the proper procedure to challenge an order of dismissal based on abandonment. Specifically, Article 561(A)(4) provides that a motion to set aside an order of dismissal, rather than a motion for new trial, may be filed within thirty days of the date of the sheriff's service of the order of dismissal. It is evident from Ms. Duron's motion that she sought to reverse the order of dismissal for abandonment; thus, we treat the motion for new trial as a motion to set aside pursuant to Article 561(A)(4). See La. Code Civ. P. art. 865; **Dougherty v. Dougherty**, 2021-0433 (La. App. 1st Cir. 3/29/22) __ So.3d __ 2022 WL 909236, *4 (Every pleading is to be construed to do substantial justice, and regardless of the parties' interpretation of the caption of a pleading, courts will look to the import of a pleading and will not be bound by its title.)

of litigation inactivity, however, is not conclusive. Dismissal is the harshest of remedies and the general rule is that any reasonable doubt about abandonment should be resolved in favor of allowing the prosecution of the claim and against dismissal for abandonment. **Clark v. State Farm Mut. Auto. Ins. Co.,** 2000-3010 (La. 5/15/01), 785 So.2d 779, 787.

Louisiana Code of Civil Procedure 561 governing abandonment provides, in pertinent part:

> A. (1) An action …is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years…
>
> …
>
> (3) This provision shall be operative without formal order, but, on ex parte motion of any party or other interested person *by affidavit which provides that no step has been timely taken in the prosecution or defense of the action*, the trial court shall enter a formal order of dismissal as of the date of its abandonment. The sheriff shall serve the order in the manner provided in Article 1314, and shall execute a return pursuant to Article 1292.
>
> (4) A motion to set aside a dismissal may be made only within thirty days of the date of the sheriff's service of the order of dismissal. If the trial court denies a timely motion to set aside the dismissal, the clerk of court shall give notice of the order of denial pursuant to Article 1913(A) and shall file a certificate pursuant to Article 1913(D). [Emphasis added.]

Article 561 requires a party or interested person's ex parte motion for dismissal to be supported by an affidavit stating that no step has been taken in the prosecution or defense of the action for a period of three years. This court has addressed the failure to include an affidavit in a motion to dismiss for abandonment under Article 561. In **Wilson v. Koenig** and **Morris v. Robinson,** this court concluded that the trial court's grant of the defendant's ex parte motion to dismiss was improper because the defendant had not filed the required affidavit. **Wilson v. Koenig,** 99-2279 (La. App. 1st Cir. 3/31/00), 764 So.2d 1025, 1026; **Morris v. Robinson,** 2021-0331 (La. App. 1st Cir. 12/22/21), 2021 WL 6068219 *2 (unpublished). However, this court in **Clark v. City of Hammond,** 2000-0673 (La. App. 1st Cir. 8/10/00), 767 So.2d 882, 883-884, held that the lack of an affidavit was not fatal to the defendant's motion to dismiss

4

for abandonment because a contradictory hearing had taken place in the trial court. In **Clark**, this court distinguished **Wilson**, in which there had not been a hearing, holding that because both sides had the opportunity to present evidence on the issue of abandonment at the hearing, the need for an affidavit was obviated. **Clark**, 767 So.2d at 883.

In this matter, Westco Breathalyzers did not include the required affidavit with its motion to dismiss as abandoned. However, unlike in **Wilson** and **Morris**, the trial court did not dismiss the matter ex parte but, rather, set the matter for a contradictory hearing. Prior to the hearing, Ms. Duron opposed the motion to dismiss by attaching several documents she argued proved that there were steps taken in the case within three years of her October 9, 2019 motion to set for trial. Ms. Duron's counsel was aware of the hearing date, but mistakenly missed the hearing.

On the date of the hearing, defense counsel made an appearance and had a brief discussion with the trial court regarding the whereabouts of Ms. Duron's counsel and counsel's purported termination of his representation of Ms. Duron. Immediately thereafter, the motion to dismiss for abandonment was granted. Westco Breathalyzers offered no evidence and otherwise failed to affirmatively establish that no step was timely taken in the prosecution or defense of the action. Additionally, there is no indication the trial court took judicial notice of its own proceedings or made factual findings as to steps taken during the abandonment period.[3] See **Clark**, 767 So.2d at 883-84, noting that the trial court properly could take judicial notice of its own proceedings and the suit record. Under these facts, and considering the jurisprudence that any reasonable doubt must be resolved in favor of maintaining the action, we

---

[3] Whether a step in the prosecution of a case has been taken in the trial court for a period of three years is a question of fact subject to a manifest error analysis on appeal. However, a determination as to whether a case has been abandoned concerns a question of law that is reviewed by simply determining whether the trial court's interpretive decision was legally correct. **Dimm v. R.J. Reynolds Tobacco Co.**, 2012-1879 (La. App. 1st Cir. 9/13/13), 186 So.3d 680, 683. Here, the trial court made no factual determinations; thus, the issue before us is whether the trial court was legally correct in determining the suit has abandoned.

cannot say that the need for the affidavit required by Article 561 was obviated by the "contradictory hearing" held in this matter.

Additionally, we note that the State filed an answer to the petition on February 3, 2017, which served to interrupt the abandonment period as to all parties properly served. See **Williams v. Montgomery**, 2020-01120 (La. 5/13/21), 320 So.3d 1036, 1042, recognizing that when any party takes a step in the prosecution or defense of the action in the trial court, the abandonment period is interrupted as to all parties who have been properly served. See also **Delta American Corp. v. Reliant Technologies, Inc.**, 2009-1895 (La. App. 1st Cir. 5/11/10), 2010 WL 1872877, *2 (unpublished) ("It is well settled that when any party to a lawsuit takes formal action in the trial court, it is effective as to all parties.") The record reflects that, at the time the State's Answer was filed, Westco Breathalyzers had already filed an answer and was properly served and joined in the proceeding.[4] Accordingly, we reverse the July 13, 2021 trial court judgment denying Ms. Duron's motion to vacate and set aside the February 11, 2021 order of dismissal.

### CONCLUSION

For the foregoing reasons, we reverse the July 13, 2021 judgment denying plaintiff-appellant, Sinia Duron's motion to vacate and set aside the February 11, 2021 order of dismissal; vacate and set aside the February 11, 2021 order of dismissal; and remand for further proceedings. All costs of this proceeding are assessed to defendant-appellee, Westco Breathalyzers, LLC.

**DENIAL OF MOTION TO SET ASIDE REVERSED; ORDER OF DISMISSAL VACATED AND SET ASIDE; REMANDED.**

---

[4] Thus, the holding in **Williams**, i.e., that steps taken by or against a served defendant to hasten the matter to judgment are ineffective as to defendants not served, is inapplicable to the facts of this case.