STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2023 CA 0057

MILTON DAVIS

VERSUS

PAUL P. NAQUIN, JR., LISA C. MORGAN, HENRY C. LANGRANGE,
ST. MARY PARISH GOVERNMENT, AND ABC INSURANCE COMPANY

Judgment Rendered: ___SEP 1 5 2023___

Appealed from the
16th Judicial District Court
In and for the Parish of St. Mary
State of Louisiana
Docket No. 128313

The Honorable Lewis H. Pitman, Jr., Judge Presiding

Jo Ann Nixon
Joslyn R. Alex
New Iberia, Louisiana

Counsel for Plaintiff/Appellant,
Terry Davis Dwyer

David M. Thorguson
Morgan City, Louisiana

Counsel for Defendant/Appellee,
St. Mary Parish Government

BEFORE:  McCLENDON, HESTER, AND MILLER, JJ.

**MILLER, J.**

Plaintiff/Appellant, Terry Davis Dwyer, appeals the August 4, 2022 judgment of the trial court that dismissed as abandoned this suit against Defendant/Appellee, St. Mary Parish Government. For the following reasons, we amend the judgment and affirm as amended.

## FACTS AND PROCEDURAL HISTORY

On April 6, 2015, Milton Davis ("Davis") filed a petition for damages against St. Mary Parish Government and ABC Insurance Company.[1] Davis alleged that he was driving his electric scooter down Welch Lane when one of the wheels on his scooter fell into a hole, he lost control of his scooter, his scooter flipped, and he was thrown onto the pavement. Davis contended that he sustained injuries due to the incident and had to undergo a hip replacement surgery. On May 15, 2015, St. Mary Parish Government filed an answer.

Davis died on April 3, 2017. Subsequently, a motion and order to enroll as counsel of record was filed on behalf of Davis and signed by the trial court on April 28, 2017. On December 11, 2017, a motion and order for leave of court to amend and supplement the petition was filed by Terry Davis Dwyer ("Dwyer"), Davis's daughter, and signed by the trial court. Thereafter, a motion to be substituted as party plaintiff was filed by Dwyer on April 26, 2019, and signed by the trial court on April 29, 2019. On February 26, 2021, a motion and order to enroll as counsel of record for Davis was filed and signed by the trial court on March 1, 2021.

---

[1] Paul P. Naquin, Jr., Lisa C. Morgan, and Henry C. Langrange were listed as defendants in the caption of the petition. However, they were not listed as defendants in the body of the petition, nor were they ever served.

On May 20, 2022, St. Mary Parish Government filed a motion to dismiss Davis's suit on the basis of abandonment. A hearing was held on July 18, 2022.[2] The trial court granted St. Mary Parish Government's motion to dismiss and dismissed all of Dwyer's claims with prejudice. The trial court signed a judgment to that effect on August 4, 2022. Dwyer now appeals.

## ASSIGNMENT OF ERROR

Dwyer contends that the trial court erred in granting St. Mary Parish Government's motion to dismiss on the basis of abandonment.

## DISCUSSION

Dwyer argues that because she did not have an attorney, the motion and order to enroll filed on February 26, 2021, should be considered a step in furtherance of the prosecution of the case. Dwyer further contends that the motion and order to enroll was necessary to protect her rights. In opposition, St. Mary Parish Government asserts that the motion and order to enroll cannot be considered a "step" for the purpose of abandonment.

A suit is abandoned when the parties fail to take any "step" in its prosecution or defense in the trial court for a period of three years. La. C.C.P. art. 561(A). A "step" is a formal action before the court by either the plaintiff or defendant that is intended to hasten the suit toward judgment or is the taking of formal discovery. Williams v. Montgomery, 2020-01120 (La. 5/13/21), 320 So. 3d 1036, 1041. Abandonment occurs automatically on the passing of three years without a step being taken by either party and is effective without court order. Hancock Bank of Louisiana v. Robinson, 2020-0791 (La. App. 1st Cir. 3/11/21), 322 So. 3d 307, 311. Whether or not a step in the prosecution of a case has been taken in the trial court for a period of three years is a question of fact subject to the manifest error

---

[2] At the hearing, Dwyer argued that this case is unique because her attorneys were briefly suspended during the period of time before her new attorney enrolled. The trial court found that Dwyer made "a very novel argument" before granting St. Mary Parish Government's motion to dismiss.

3

standard of review. Bridges v. Baton Rouge Police Department, 2017-0710 (La. App. 1st Cir. 5/17/11), 250 So. 3d 990, 994.

Abandonment is not a punitive concept; rather, it is a balancing concept. Clark v. State Farm Mut. Auto. Ins. Co., 2000-3010 (La. 5/15/01), 785 So. 2d 779, 787. Abandonment balances two equally sound, competing policy considerations: the desire to see every litigant have her day in court, and not to lose same by some technical carelessness or unavoidable delay; and the legislative purpose that suits, once filed, should not indefinitely linger, preserving stale claims from the normal extinguishing operation of prescription. Id.

Louisiana Code of Civil Procedure article 561 is to be liberally construed in favor of maintaining a lawsuit. Because dismissal is the harshest of remedies, any reasonable doubt regarding abandonment should be resolved in favor of allowing the litigation to continue. Louisiana Dept. of Transp. and Development v. Oilfield Heavy Haulers, L.L.C., 2011-0912 (La. 12/6/11), 79 So. 3d 978, 981-982. The intention of Article 561 is not to dismiss suits as abandoned based on technicalities, but only those cases where plaintiff's inaction during the three-year period has clearly demonstrated abandonment of the case. Pendarvis v. Jarreau, 2017-0360 (La. App. 1st Cir. 12/18/17), 234 So. 3d 148, 151, writ denied, 2018-0103 (La. 3/2/18), 269 So. 3d 712.

On an ex parte motion to dismiss on the basis of abandonment filed by any party or other interested person that is accompanied by an affidavit, the trial court shall enter a formal order dismissing the suit as of the date it was abandoned. La. C.C.P. art. 561(A)(3); Estate of Wilson v. Standard Security Life Insurance Company of New York, 2022-0409 (La. App. 1st Cir. 11/4/22), 2022 WL 16707124, *1 (unpublished), writ denied, 2022-01774 (La. 2/14/23), 355 So. 3d 611. However, the lack of an affidavit is not fatal to the defendant's motion to dismiss for abandonment when a contradictory hearing takes place in the trial

4

court. Clark v. City of Hammond, 2000-0673 (La. App. 1st Cir. 8/10/00), 767 So. 2d 882, 883. When both sides have the opportunity to present evidence on the issue of abandonment at the hearing, the need for an affidavit is obviated.[3] See Duron v. State Through Department of Public Safety and Corrections, 2021-1547 (La. App. 1st Cir. 6/6/22), 343 So. 3d 732, 735.

The trial court did not err in finding that the parties failed to take any step in the prosecution or defense of the case for a period of three years. Dwyer's argument that the motion and order to enroll is a step in the prosecution of this case is unfounded.[4] The jurisprudence clearly establishes that motions to withdraw or enroll as counsel or to substitute counsel are not considered formal steps before the court in the prosecution of the suit. Paternostro v. Falgoust, 2003-2214 (La. App. 1st Cir. 9/17/04), 897 So. 2d 19, 22, writ denied, 2004-2524 (La. 12/17/04), 888 So. 2d 870; Pendarvis, 234 So. 3d at 151; In re Medical Review Panel of Henrietta Houck v. Baton Rouge General Medical Center, 2019-1154 (La. App. 1st Cir. 7/6/20), 2020 WL 3638159, *2, n. 5 (unpublished); Estate of Wilson, 2022 WL 16707124, at *2, n. 4 (unpublished), writ denied, 2022-01774 (La. 2/14/23), 355 So. 3d 611. Such motions grant to counsel the right to take steps, or to prepare to

---

[3] St. Mary Parish Government's motion to dismiss on the basis of abandonment was not accompanied by an affidavit. However, a contradictory hearing took place in the trial court on July 18, 2022, and both sides had an opportunity to present evidence. Therefore, an affidavit was unnecessary. See Duron v. State Through Department of Public Safety and Corrections, 2021-1547 (La. App. 1st Cir. 6/6/22), 343 So. 3d 732, 735.

We note that although counsel representing both sides of this controversy gave argument at the hearing, argument by counsel does not constitute evidence. Clark, 767 So. 2d at 883, n. 1. However, the trial court may properly take judicial notice of its own proceedings and the suit record. Id. 767 So. 2d at 883-884.

[4] Dwyer argues that the motion to enroll was a step in the prosecution of the case because she would have been in danger of having no representation and she would not be aware of pending motions before the court. However, courts have held that pro-se litigants assume responsibility for their lack of knowledge of the law. See Ledbetter v. Wheeler, 31,357 (La. App. 2nd Cir. 12/9/98), 722 So. 2d 382, 384 ("[a]lthough we concede that [plaintiff], as a layperson, was representing himself, a pro se litigant assumes all responsibility for his own inadequacies and lack of knowledge of procedural and substantive laws").

5

take steps, toward the prosecution or defense of a case, but are not considered steps because they do not hasten the matter to judgment.[5] Paternostro, 897 So. 2d at 22.

The last filing before the motion and order to enroll as counsel of record was the April 26, 2019 motion to be substituted as party plaintiff filed by Dwyer. The record undisputedly establishes that more than three years passed without any step in the prosecution or defense of this suit before St. Mary Parish Government filed its motion to dismiss. Thus, we affirm the judgment of the trial court that dismissed this suit as abandoned. This assignment of error is without merit.

On review of this matter, we note that the trial court's order of dismissal of the plaintiff's claims due to abandonment was with prejudice. However, a dismissal of an action on the grounds of abandonment may only be made "without prejudice." Burgess, Inc. v. Parish of St. Tammany, 2017-0153 (La. App. 1st Cir. 10/25/17), 233 So. 3d 58, 62, n. 1, writ denied, 2017-2179 (La. 2/23/18), 237 So. 3d 515. Therefore, the dismissal of the plaintiff's claims pursuant to Article 561 should have been "without prejudice." Accordingly, we amend the judgment dismissing the plaintiff's claims to replace the words "with prejudice" with "without prejudice."

## CONCLUSION

The August 4, 2022 judgment of the Sixteenth Judicial District Court granting St. Mary Parish Government's motion to dismiss on the basis of abandonment and dismissing all of Terry Davis Dwyer's claims against St. Mary Parish Government with prejudice is amended to replace the words "with prejudice" with "without prejudice" and is affirmed as amended. Costs of this appeal are assessed to Terry Davis Dwyer.

**AFFIRMED AS AMENDED.**

---

[5] We note that the fact that Dwyer's attorney may have been suspended does not alter the analysis.