# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

SCOTT GASPARD LAW FIRM,
L.L.C.

NO.   2024 CW 0464

VERSUS

CATHERINE TOWNSEND WALTER

**AUGUST 12, 2024**

---

In Re:    Catherine Townsend Walter, applying for supervisory writs, Baton Rouge City Court, Parish of East Baton Rouge, No. 17-10711.

---

**BEFORE:   WOLFE, MILLER, AND GREENE, JJ.**

**WRIT DENIED.** We find the procedure set forth in La. Code Civ. P. art. 561(A)(3) was not followed, as relator-defendant, Catherine Townsend Walter, failed to attach to her Motion to Dismiss Abandoned Suit an affidavit which provided that no step had been timely taken in the prosecution or defense of the action. The current version of La. Code Civ. P. art. 561 contains no provision to set a contradictory hearing on an ex parte motion to dismiss for abandonment. We note that, in **Clark v. City of Hammond,** 2000-0673 (La. App. 1st Cir. 8/10/00), 767 So.2d 882, 883-84 (*per curiam*), this court found that the lack of an affidavit was not fatal to relator's motion to dismiss because a contradictory hearing, ultimately, had been held and both sides were afforded the opportunity to present evidence and argument. However, prior to 2003 and at the time **Clark** was decided, La. Code Civ. P. art. 561(A)(2) provided that "the trial court may direct that a contradictory hearing be held prior to dismissal." By Act No. 545, § 1 of 2003, La. Code Civ. P. art. 561 was amended to delete the language pertaining to a contradictory hearing. When the Legislature changes the wording of a statute, it is presumed to have intended a change in the law. **Borel v. Young,** 2007-0419 (La. 11/27/07), 989 So.2d 42, 48, on rehearing (July 1, 2008). Accordingly, we deny the writ, given the proper procedure under the current version of La. Code Civ. P. art. 561 was not followed.

**EW**
**SMM**
**HG**

COURT OF APPEAL, FIRST CIRCUIT

_____
DEPUTY CLERK OF COURT
    FOR THE COURT